The State of Ohio, Appellant, *v*. O'Brien, Appellee.

[Cite as State *v*. O'Brien (1987), 30 Ohio St. 3d 122.]

(No. 86-1732—Decided May 20, 1987.)

---

[1] According to the court of appeals, on May 19, 1986, O'Brien pleaded no contest to two counts of sexual battery and was sentenced to one year on each count to be served concurrently.

[2] Former R.C. 2919.22(B)(3) (now [4]) provided:

"No person shall do any of the following to a child under eighteen or a mentally or physically handicapped child under twenty-one:

"* * *

"(3) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development * * *."

*Lynn C. Slaby,* prosecuting attorney, *Marc R. Wolff* and *Philip D. Bogdanoff,* for appellant.

*Donald E. George,* for appellee.

DOUGLAS, J. The case at bar poses two questions for the court. The first question is whether R.C. 2919.22(B)(3), endangering children, is a strict liability offense. The second issue is whether an indictment may be amended to include an essential element of the offense charged.

As to the first question, appellant asks this court to expressly overrule its holding in *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169,

---

[3] Appellee had twice previously challenged the endangering children counts of the indictment. The first challenge alleged vagueness of the statute for not specifying what type of conduct is forbidden. The second challenge was based on the failure of the indictment to articulate "what specific actions or means" the defendant-appellee utilized to inflict the unwarranted disciplinary measures upon the boy.

404 N.E. 2d 144, and find that the crime of endangering children under R.C. 2919.22(B)(3) is now a strict liability offense. We decline to make such a finding.

In *State* v. *Adams, supra,* this court considered the identical argument made by appellant herein and, in an opinion written by Justice Sweeney, stated that:

"R.C. 2919.22(B)(2) * * * does not 'specify any degree of culpability' nor does it 'plainly indicat[e] a purpose to impose strict criminal liability for the conduct described in such section.' R.C. 2901.21(B). Recklessness therefore is sufficient culpability to commit the offense." *Id.* at 152-153, 16 O.O. 3d at 170, 404 N.E. 2d at 145-146.

Appellant has not persuaded this court to deviate from the rule set forth in *Adams, supra.* We, therefore, reaffirm our holding in *Adams, supra,* that the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(B)(3).

The second issue before this court is whether an indictment may be amended to include an essential element of the offense. For the following reasons, we answer in the affirmative.

We agree with the appellate court's determination that recklessness is the culpable mental state for the crime of endangering children under R.C. 2919.22(B)(3). We also agree that an indictment charging an offense solely in the language of a statute is insufficient when a specific intent element has been judicially interpreted for that offense. See *State* v. *Adams, supra; State* v. *Ross* (1967), 12 Ohio St. 2d 37, 41 O.O. 2d 220, 231 N.E. 2d 299. We do not agree, however, that the omission of such intent element necessarily precludes a later amendment to the indictment.

Crim. R. 7 controls the sufficiency of and amendments to criminal indictments. Crim. R. 7(B) deals with sufficiency of indictments and provides in pertinent part:

"The indictment * * * shall contain a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the applicable section of the statute as long as the words of that statute charge an offense, or in any words sufficient to give the accused notice of all the elements of the offense with which he is charged. * * *"

The indictment in the instant case provided in pertinent part that:

"* * * JAMES R. O'BRIEN * * * did commit the crime of EN-DANGERING CHILDREN in that *he did repeatedly administer unwarranted disciplinary measures to* Brian Blair, *a child under eighteen years of agen [sic], when there was a substantial risk that such conduct, if continued, would seriously impair or retard the child's mental health or development,* in violation of Section 2919.22 of the Ohio Revised Code[.] * * *" (Emphasis added.)

The indictment is set forth in the words of the applicable endangering

children statute. Further, this indictment substantially follows the form of indictment set forth in R.C. 2941.06.[4] However, our analysis does not conclude here. This court, as previously noted, has provided an additional essential element for the offense of child endangering, the mental state of "recklessness." *State* v. *Adams, supra.* Thus, any indictment charging endangering children solely in the language of that statute necessarily omits an essential element of the offense, *i.e.,* recklessness. As such, the indictment does not give the accused notice of all the elements of the offense with which he is charged. Therefore, the indictment in its original form was insufficient under Crim R. 7(B). Accord *State* v. *Ross, supra,* a pre-Criminal Rules case, wherein a similar result was obtained through interpretation of R.C. 2941.05, the predecessor statute to Crim. R. 7(B).[5] If the question before us today were solely one regarding the sufficiency of the *initial* indictment, we would affirm the court of appeals and our analysis would be at an end.

That, however, is not the question before us, as appellant sought and was granted the right to amend the indictment. Therefore, we must consider whether the amendment comported with Crim. R. 7(D), which sets forth the procedures for amending indictments. This rule provides in part:

*"The court may at any time before, during, or after a trial amend the indictment,* information, complaint or bill of particulars, *in respect to any defect, imperfection, or omission in form or substance,* or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* * * *"* (Emphasis added.)

The rule clearly permits errors of omission to be corrected during the

---

[4] R.C. 2941.06 reads:
"An indictment may be substantially in the following form:
"The State of Ohio,)

"ss.

". . . . . .County)
"In the Year of our Lord one thousand nine hundred and . . . . . .
"The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that A.B., on the . . . . day of . . . . . . . . 19. . at the county of . . . . . . . . . . aforesaid, did . . . . . . . . (here insert the name of the offense if it has one, such as murder, arson, or the like, or if a misdemeanor having no general name, insert a brief description of it as given by law) contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

". . . . . . C.D. . . . . . .
"Prosecuting Attorney

"(Indorsed) A true bill.
"E.F. Foreman of the Grand Jury."

[5] Cf. *State* v. *Wozniak* (1961), 172 Ohio St. 517, 18 O.O. 2d 58, 178 N.E. 2d 800, a pre-Criminal Rule case interpreting R.C. 2941.30. While acknowledging that Crim. R. 7(D) is, in all essential respects, the same as R.C. 2941.30, we find that *Wozniak,* as a pre-rule case, is not controlling.

course of *or even after* the trial, as long as such amendment makes no change in the name or identity of the crime charged. Crim. R. 7(D). Accordingly, provided that appellant's amendment herein changed neither the name nor the identity of the crime charged, such amendment will have passed the first stage of our Crim. R. 7(D) analysis.

We believe the addition of the term "recklessness" changed neither the name nor the identity of the crime charged herein. Both before and after the amendment of the indictment, the name of the crime remained the same: endangering children. Likewise, the identity of this crime was not changed by the addition of "recklessness" to the indictment. Neither the penalty nor the degree of the offense was changed as a result of the amendment. Since the addition of the culpable mental state of "recklessness" did not change the name or the identity of the crime of endangering children, the amendment was proper pursuant to Crim. R. 7(D).

Crim. R. 7(D) further provides, however, that:

"* * * *If any amendment is made to the substance of the indictment, * * * the accused is entitled to a discharge of the jury on his motion,* if a jury has been impanelled, and to a reasonable continuance, *unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect* or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * *" (Emphasis added.)

Therefore, if the amendment herein was made to the substance of the indictment, appellee was entitled to both a discharge of the jury and a reasonable continuance if he was misled or prejudiced by the amendment.

We believe the addition of an essential element to an indictment necessarily amends the substance of the indictment. Thus, appellee was entitled to move, pursuant to Crim. R. 7(D), for a discharge of the jury if he was misled or prejudiced by the amendment. Appellee did not move for the discharge of the jury following amendment of the indictment. Even had appellee done so, we find that it would have been proper for the trial court to overrule the motion as the appellee would have been unable to show that he had been misled or prejudiced by the permitted amendment. Appellee had notice of both the offense and the applicable statute. Appellee's knowledge of the appropriate mental state standard is evidenced by his continuing efforts, before and during the trial, to dismiss the indictment on the basis that such element was *not included* in the indictment. Further, the court charged the jury, at the request of *appellee* and pursuant to a proposed instruction submitted by appellee, that "recklessness" is an essential element of the crime of endangering children. Under these circumstances, we find that appellee was neither misled nor prejudiced by the amendment to the originally defective indictment.

Notwithstanding Crim. R. 7(D), appellee asserts that where one of the essential elements of the crime is omitted from the indictment, the indict-

ment is defective and cannot be cured by amendment because such procedure would allow the jury to convict the accused on a charge different from that found by the grand jury. In support of this premise, appellee relies heavily upon this court's determination in *State* v. *Headley* (1983), 6 Ohio St. 3d 475, 6 OBR 526, 453 N.E. 2d 716.

In *Headley,* the accused was indicted, pursuant to R.C. 2925.03, on the charge of trafficking in drugs. However, the indictment failed to contain any description of the type of controlled substance involved. In determining that the indictment could not be amended under Crim. R. 7(D), this court stated:

"In this case, appellee was charged under R.C. 2925.03, relating to trafficking in drugs. Generally, that statute prohibits the selling, distribution, production or possession of certain controlled substances, or drugs, for certain purposes. The severity of the offense is dependent upon the type of drug involved. Under R.C. 2925.03(C), the offense is aggravated trafficking if the substance involved is a Schedule I drug, with the exception of marijuana, or a Schedule II drug. Under R.C. 2925.03(D), if the substance involved is a Schedule III, IV or V drug, the offense is the lesser one of trafficking in drugs.

"Under this analysis, it is evident that R.C. 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged." *Id.* at 479, 6 OBR at 530, 453 N.E. 2d at 720.

In the case before us, appellee was charged with the crime of endangering children. Failure to include the element of "recklessness" in an indictment for endangering children in no way alters either the name, identity or severity of the offense charged. *Headley* is clearly distinguishable from the case at bar.

In finding for appellant, we do not indicate that indictments containing fewer than all the essential elements of the crime are judicially encouraged. The better practice here would have been to immediately amend the indictment to include the element of recklessness or to dismiss the faulty indictment and seek a new indictment containing the element of recklessness. The best practice, of course, is to include all the essential elements in the indictment before it is returned.

The indictment, although insufficient in its original form, was amended pursuant to Crim. R. 7(D). The jury was indisputably charged on the essential element of recklessness, and the defendant-appellee was not misled or prejudiced by the amendment.

Accordingly, we hold that an indictment which does not contain all the essential elements of an offense may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the

accused has not been misled or prejudiced by the omission of such element from the indictment.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for reinstatement of its judgment.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES and H. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., concur in part and dissent in part.

WRIGHT, J., concurring in part and dissenting in part. While I concur in the first paragraph of the syllabus, I cannot agree with the construction and application of Crim. R. 7(D) announced by the majority. I believe the court of appeals correctly reasoned that the omission of the requisite mental state of "recklessness" fatally flawed the indictment. Allowing appellant to "cure" this admitted error permitted the jury to convict the accused on a charge that varied substantially and was essentially different from that upon which the grand jury indicted him. This we should not sanction. The legal requisites of "recklessness" are substantially different from the language used by the grand jury in indicting appellee. In my view, *State* v. *Headley* (1983), 6 Ohio St. 3d 475, 6 OBR 526, 453 N.E. 2d 716, resolved this issue and should not be either ignored or overruled. As was stated in *Headley* at 478-479, 6 OBR at 529-530, 453 N.E. 2d at 720:

"Section 10 of Article I of the Ohio Constitution provides that, '* * * no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury * * *.' This provision guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. *Harris* v. *State* (1932), 125 Ohio St. 257, 264. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury. *Id.; State* v. *Wozniak* (1961), 172 Ohio St. 517, 520 [18 O.O. 3d 58].

"The essence of this constitutional guarantee is further manifested in Crim. R. 7(D). That rule limits the court's power to amend the indictment and provides, in part:

" 'Amendment of indictment, information or complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* * * *' (Emphasis added.)"

The majority opinion concedes that omission of the essential element of "recklessness" made for a defective indictment. The majority correctly holds that R.C. 2919.22(B)(3) is *not* a strict liability offense but treats the omission of an essential element of the indictment as merely a failure of "best practice." I am satisfied that the "best practice" is to meet requisite constitutional requirements. The effect of today's decision is to render meaningless much of the constitutional function of the grand jury. Thus, I must respectfully dissent.

LOCHER, J., concurs in the foregoing opinion.