The STATE of Ohio, Appellee,

v.

McGEE, Appellant.

[Cite as *State v. McGee* (1998), 128 Ohio App.3d 541.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–98–01.

Decided June 25, 1998.

*Gerald L. Heaton,* Logan County Prosecuting Attorney, for appellee.

*Marc S. Triplett,* for appellant.

---

SHAW, Presiding Judge.

This is an appeal from the judgment and sentence of the Court of Common Pleas of Logan County which found defendant-appellant, DeAnna L. McGee, guilty of child endangering in violation of R.C. 2919.22(A).

On March 8, 1994, an indictment was issued which read:

"Deanna [*sic*] L. McGee, on or about the 24th day of February, 1994, at the County of Logan aforesaid, being the parent of a child under the age of eighteen years, did create a substantial risk to the health or safety of said child, by violating a duty of care, protection or support resulting in serious physical harm. In violation of Section 2919.22(A), Endangering Children, a felony of the fourth degree. "

This indictment mirrors the statutory language of R.C. 2919.22(A).

Subsequent to the indictment, McGee waived her right to a jury trial and proceeded to a bench trial. The trial court convicted McGee as charged. McGee was sentenced to imprisonment for one and one-half years.

Because McGee believed that it was error for the trial court to consider the then applicable precedent of *State v. Deringer* (Nov. 8, 1985), Hardin App. No. 6–84–6, unreported, 1985 WL 7238, she appealed the judgment of conviction and sentence to this court. The *Deringer* case held that a violation of R.C. 2919.22(A) was a strict-liability offense. However, McGee contended that the proper culpable mental state under R.C. 2919.22(A) was recklessness and that insufficient evidence was presented to meet this standard.

Upon review, this court overruled the portions of *Deringer* that found R.C. 2919.22(A) to be a strict-liability crime. *State v. McGee* (Dec. 12, 1995), Logan App. No. 8–94–38, unreported, 1995 WL 737664. However, applying the "due care" language of R.C. 2901.22(D) to 2919.22(A), we held that negligence was the

required culpable mental state. *Id.* Finding sufficient evidence within the record to support negligent conduct, we affirmed the trial court's judgment. *Id.*

Citing a conflict among the appellate districts of Ohio, McGee sought review of that decision by the Supreme Court of Ohio. In S*tate v. McGee* (1997), 79 Ohio St.3d 193, 680 N.E.2d 975, syllabus, the Supreme Court held:

"The existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(A)."

The Supreme Court further stated:

"Recklessness is an essential element of the crime charged, and the defendant was not found to have acted recklessly. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision." *Id.* at 196, 680 N.E.2d at 977.

Once placed on notice of the remand, the trial court ordered the parties to submit any desired motions. In response, two motions were filed. The first was a request from the state that it be permitted to amend the indictment to include the essential element of recklessness. Crim.R. 7(D) was cited as the controlling authority for this request. Upon consideration, the trial court granted this motion. The second motion filed was by McGee, in which she requested withdrawal of her previously filed jury waiver and a new trial. Each of these requests was denied.

The trial court reconvened this matter on December 10, 1997. At that time, McGee was found guilty of child endangering as charged in the amended indictment. The court also determined that McGee's son had suffered serious physical harm. She was sentenced to imprisonment for one and one-half years. Thereafter, McGee sought this appeal, and the following are the listed assignments of error:

"I. The trial court erred when it permitted the indictment to be amended.

"II. The trial court erred when it failed to grant Ms. McGee a new trial.

"III. The trial court erred when it returned a verdict of guilty as to endangering children."

Upon a review of the record, McGee's first assignment of error is overruled, the second sustained, and the third rendered moot. Each of the assigned errors will be addressed in turn.

At the heart of this matter is the interpretation of the Supreme Court's opinion in *McGee*, 79 Ohio St.3d at 193, 680 N.E.2d at 976. In that opinion, the Supreme Court applied case law theretofore interpreting the language of R.C. 2919.22(B) to circumstances under R.C. 2919.22(A). *McGee*, 79 Ohio St.3d at 195, 680

N.E.2d at 976–977. One such opinion is *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144.

■ The *O'Brien* case involved a child endangering conviction pursuant to R.C. 2919.22(B). In that matter, the Ohio Supreme Court stated:

"[A]ny indictment charging endangering children solely in the language of that statute necessarily omits an essential element of the offense, *i.e.*, recklessness. As such, the indictment does not give the accused notice of all the elements of the offense with which he is charged. Therefore, the indictment in its original form was insufficient under Crim.R. 7(B)." *O'Brien*, 30 Ohio St.3d at 125, 30 OBR at 438, 508 N.E.2d at 147.

In other words, even though the recklessness element is judicially imposed, it is, nonetheless, an essential element of a violation of R.C. 2919.22(B).

However, the Supreme Court in the *O'Brien* case also noted that pursuant to Crim.R. 7(D), an indictment may be amended "at any time before, during, or after a trial * * *, provided no change is made in the name or identity of the crime charged." Crim.R. 7(D). Thus, finding that the name or identity of the crime of child endangering was not changed, nor the penalty or degree of that offense altered upon amendment of the indictment to include the term recklessness, the Supreme Court permitted the amendment. *O'Brien*, 30 Ohio St.3d at 126, 30 OBR at 439–440, 508 N.E.2d at 147–148. The Supreme Court further found that no prejudice occurred in that circumstance because the defendant had notice of both the offense and the applicable statute, despite the defect in the original indictment. *Id.* Finally, the issue of whether the amended indictment resulted in a jury convicting the accused of a charge different from that found by the grand jury was addressed. Responding in the negative, the Supreme Court stated:

"In the case before us, [the defendant] was charged with the crime of endangering children. Failure to include the element of 'recklessness' in an indictment for endangering children in no way alters either the name, identity, or severity of the offense charged." *Id.* at 127, 30 OBR at 440, 508 N.E.2d at 148.

■ In this case, our review of the Supreme Court's directives in *McGee*, 79 Ohio St.3d at 196, 680 N.E.2d at 977–978, and the law as described in *O'Brien*, 30 Ohio St.3d at 122, 30 OBR at 436, 508 N.E.2d at 144–145, leads us to conclude that the trial court properly permitted the state to amend its indictment. On this point, we further note that in the case before us, even though the element of recklessness was not specified in the original indictment, the issue of recklessness was clearly before the court throughout the first trial, having been raised by McGee from the outset of the prosecution, hence effectively eliminating any issue of notice pertaining to the amended indictment. Thus, we determine that the

trial court acted consistently with the applicable case law for amending indictments and committed no error. The first assignment of error is overruled.

In her second assignment of error, McGee challenges the manner in which the trial court proceeded from the point of permitting the indictment to be amended. In short, McGee claims that the remand and amended indictment entitled her to proceed anew as if upon the arraignment, to an entirely new jury trial, if desired, wherein the state would be required to prove every element of the newly amended indictment beyond a reasonable doubt.

On the other hand, the trial court apparently took the position that the Supreme Court's remand of the case was merely for a continuation or reopening of the previous trial and that the amended indictment was, in essence, simply to conform it to the evidence already adduced in the first trial. Thus, the trial court permitted McGee the option to recall state witnesses as on cross-examination, call her own witnesses, and present final arguments on the issue of recklessness. However, in the absence of any such additional evidence presented by McGee, the state was not permitted to present any evidence of its own.

Further, the rationale used to deny McGee's revocation of her jury waiver and new trial request was that these proceedings were merely a continuation and reconsideration of the previous trial evidence. For example, the September 24, 1997 judgment entry denying McGee's motion for a new trial stated:

"Accordingly, it is ORDERED that the trial be recommenced to the Court as set forth in this Court's Entry of September 3, 1997, on *October 16, 1997*." (Emphasis *sic*.)

We cannot agree with the trial court's interpretation of the Supreme Court's *McGee* decision. In view of the fact that the Supreme Court reversed McGee's conviction on the basis that she was neither charged with nor found guilty of an essential element of the offense, we believe that the only appropriate action for the trial court to take is to proceed anew from arraignment on the amended indictment to a new trial. We further conclude that McGee's previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the new indictment in this case. Accordingly, McGee's second assignment of error is sustained.

McGee's third assignment of error questions the sufficiency of the trial court's evidence in its judgment finding her guilty of violating R.C. 2919.22(A). Considering the foregoing discussion concluding that a new trial is in order, this assignment of error is now moot. Accordingly, we decline to address it. App.R. 12(A)(1)(c).

In sum, McGee's first assignment of error is overruled, the second is sustained, and the third is rendered moot. Therefore, the judgment and sentence of the

Court of Common Pleas of Logan County are reversed, and the matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

EVANS and HADLEY, JJ., concur