OPINION
Defendant-appellant Shane Martindale appeals from the May 1, 2000, Journal Entry of the Municipal Court of Fairfield County. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 22, 1999, an affidavit was filed in the Fairfield County Municipal Court. The affidavit which was signed by Steve Rooker from Lancaster Sales, stated that appellant had committed the offense of theft in violation of R.C. 2913.02(A)(2) on or about November 28, 1998. At his arraignment, appellant entered a plea of not guilty to the charge of theft.
Subsequently, a bench trial was held on May 1, 2000. The following evidence was adduced at trial.
On November 28, 1998, appellant rented two Playstation video games from Lancaster Sales Company, which is located in Lancaster, Ohio. Pursuant to the terms of the rental agreement signed by appellant, the games, which were rented for $.99 per day per game, were to be returned on November 30, 1998. The two games were valued at $60.00 and were leased by Lancaster Sales from a third party.
After appellant failed to return the two video games, Steve Rooker, a department store manager for Lancaster Sales, attempted to telephone appellant in late December of 1998 using the telephone number that was typed on appellant's rental application. However, since such number was for Maywood Mission, Rooker was unable to contact appellant[1].
Thereafter, Rooker sent a certified letter to appellant on or about March 27, 1999. The letter, which was signed for by appellant on April 7, 1999, stated as follows:
 "Our records indicate the above items were rented by you on 11-28-98, and were to be returned on the following day. The items are now delinquent and should be returned immediately. The additional rental for the items above is $237.60 and will continue to accumulate at $1.98 per day until returned.
 Please return the items as soon as possible so we can resolve this.
 Failure to respond to this letter and resolve this matter will result in this matter being turned over to the City Prosecutor's Office for review for mediation and possibly criminal prosecution."
Approximately two days after receipt of the letter, appellant called Rooker and told him that he "wasn't going to pay the additional rental fee owed." Trial Transcript at 16. When Rooker told appellant that criminal charges would be filed if the games were not returned, appellant told Rooker that he would pay the fees but would keep the games. At trial, Rooker testified that appellant "was not going to return the games if he paid the fees and I told him we would be willing to, uh, cut the rental fees in half if he brought the games back and paid for them and at that point he said he would pay that and keep one of the games and just return one of them." Id. Rooker further testified that appellant never gave him any indication that he had any intention of "returning the games and then paying even half of the rental fee." Id. According to Rooker, "[b]asically he [appellant] just wanted to, initially he wanted to just return the games and not pay anything because he felt we were unjustified for requesting the rental money that he had agreed to pay us for those two games." Trial Transcript at 17. At trial, appellant testified that he did not want to pay $237.60 for games valued at $60.00.[2]
At the conclusion of the evidence, the trial court found appellant guilty of one count of theft in violation of R.C. 2913.02. As memorialized in a Journal Entry filed on May 2, 2000, the trial court sentenced appellant to 180 days in jail and ordered appellant to pay a fine in the amount of $100.00. Appellant's jail sentence was suspended "on 2 years good behavior."
It is from his conviction and sentence that appellant now prosecutes his appeal, raising the following assignments of error:
 THE TRIAL COURT ERRED IN FINDING THAT THE STATE PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNOWINGLY INTENDED TO COMMIT THE OFFENSE OF THEFT IN VIOLATION OF OHIO REVISED CODE SEC. 2913.02.
 THE TRIAL [COURT] ERRED IN APPLYING OHIO REVISED CODE SEC. 2913.72 WHERE THE COMPLAINING WITNESS WAS NOT THE "RENTER" AS THAT TERM IS DEFINED BY OHIO REVISED CODE SECTION 2913.72.
 OHIO REVISED CODE SEC. 2913.72 IS INCONSISTENT WITH OHIO REVISED CODE SEC. 2901.22(B) WHICH DEFINES THE TERM "KNOWINGLY", AND THE TRIAL [COURT] ERRED IN NOT INTERPRETING THESE STATUTES AS STRICTLY CONSTRUED AGAINST THE STATE AND LIBERALLY CONSTRUED IN FAVOR OF THE ACCUSED AS REQUIRED BY OHIO REVISED CODE SEC. 2901.04.
 THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO AMEND THE DATE IN THE COMPLAINT FROM NOVEMBER 28, 1998 TO SOME UNDEFINED DATE AFTER THE DEFENDANT RECEIVED A CERTIFIED LETTER REQUESTING RETURN OF THE VIDEOS.
 I
Appellant, in his first assignment of error, argues that the trial court erred in finding, beyond a reasonable doubt, that appellant knowingly committed the offense of theft in violation of R.C. 2913.02. Appellant specifically contends that the appellee failed to show beyond a reasonable doubt that appellant possessed the requisite intent and that the trial court misapplied R.C. 2913.72 in finding that appellee proved intent.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
Appellant in the case sub judice was convicted of one count of theft in violation of R.C. 2913.02. Such section states, in relevant part, as follows:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
R.C. 2901.22(B) defines "knowingly" as follows:" A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Construing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that appellant "knowingly" committed the offense of theft. At the trial in this matter, appellant testified that he told Rooker that he would return the video games as long as the fee was waived since "[t]hat was kind of ridiculous . . . paying 270 some dollars or however much it was for the video games." Trial Transcript at 44. Appellant admitted receiving the certified letter and speaking with Rooker. When asked what reason he gave to Rooker for failing to return the games, appellant responded that he believed "that 230 some dollars wasn't worth returning the games." Id. By the time appellant received the certified letter from Rooker, he had had the video games for over four months.
Based on the foregoing, we find that any rational trier of fact could have found that appellant "knowingly" exerted control over the video games beyond the scope of the express or implied consent of Lancaster Sales. While appellant cites to State v. Glenn (1990), 56 Ohio Misc.2d 1, a municipal court case, in support of his argument that a defendant cannot be found guilty of theft for failing to timely return rented property, we find that not only is Glenn not binding on this Court, butGlenn also is distinguishable from the case sub judice. The defendant inGlenn was arrested and charged with theft after he failed to maintain rental payments due under a furniture rental contract. The trial court, in finding appellant not guilty of theft, noted that there was no evidence that the defendant intended to steal the furniture and that there was a factual dispute as to whether the defendant made arrangements to return the same. In contrast, in the case sub judice, appellant admitted that he had no intention of returning the games based on the "ridiculous" fees. Trial Transcript at 44. Clearly, there was evidence that appellant, unlike the defendant in Glenn, intended to retain the property. Furthermore, while appellant also cites to State of Ohio v. PinkPyramid (Oct. 18, 1995) Hamilton App. No. C0940930, unreported, the court in such case held that one who holds a rental tape for a reasonable period past the due date with the intention of returning it and paying any fees due cannot be subject to a theft offense. Appellant, in this matter, clearly never intended to return both the games and to pay the late fees after having the games for over four months despite having received a certified letter from Lancaster Sales and having spoken with Steve Rooker.
Appellant, in his first assignment of error, also contends that the trial court misapplied R.C. 2913.72 in finding that appellee proved intent. Such section states as follows:
 (A) Each of the following shall be considered evidence of an intent to commit theft of rented property:
 (1) At the time of entering into the rental contract, the rentee presented the renter with identification that was materially false, fictitious, or not current with respect to name, address, place of employment, or other relevant information.
 (2) After receiving a notice demanding the return of rented property as provided in division (B) of this section, the rentee neither returned the rented property nor made arrangements acceptable with the renter to return the rented property.
 (B) To establish that a rentee has an intent to commit theft of rented property under division (A)(2) of this section, a renter may issue a notice to a rentee demanding the return of rented property. The renter shall mail the notice by certified mail, return receipt requested, to the rentee at the address the rentee gave when the rental contract was executed, or to the rentee at the last address the rentee or the rentee's agent furnished in writing to the renter.
 (C) A demand for the return of rented property is not a prerequisite for the prosecution of a rentee for theft of rented property. The evidence specified in division (A) of this section does not constitute the only evidence that may be considered as evidence of intent to commit theft of rented property.
(D) As used in this section:
 (1) "Renter" means a person who owns rented property.
 (2) "Rentee" means a person who pays consideration to a renter for the use of rented property.
(Emphasis added.)
Appellant specifically argues that the trial court concluded that R.C.2913.72 "mandated that trial court find the defendant guilty of the offense where the defendant failed to return the rented property after receiving the certified letter."
We disagree with this conclusion reached by appellant. It is not clear from the record that the trial court found that R.C. 2913.72 mandated a finding of guilty. The trial court did allow the date of the offense to be amended to the date appellant failed to return the property, consistent with the (A)(2) language of R.C. 2913.72. Tr. at 68 and 71. The trial court then found appellant guilty of the theft offense based on the amended affidavit. However, the trial court did not specifically say that it found the appellant guilty because the facts of the case and the language of 2913.72(A)(2) gave the trial court no choice. We cannot tell from either the transcript or the judgment entry whether or to what extent or in what manner the trial court applied R.C. 2913.72(A)(2). There were no findings of fact and conclusions of law requested from, nor issued by, the trial court. Even if we assume that the trial court found 2913.72(A)(2) applicable to the case sub judice, there is no indication that the trial court interpreted that code section to mean that it could not consider any favorable evidence presented at the trial regarding the issue of intent. Without findings of fact and conclusions of law from the trial court, we must presume the regularity of the proceedings. The statutory language states that certain evidence shall be considered evidence of intent, but there is nothing in the statutory language that says that that evidence is conclusive proof of intent. The statute does not state that a trial court is prohibited from considering any evidence favorable to a defendant on the issue of intent once the court has found that a defendant has refused to return property after he received a notice demanding return of same. Therefore, we must presume the trial court considered all the evidence at trial regarding intent.
We find that appellee did prove beyond a reasonable doubt that appellant knowingly intended to commit the offense of theft of the video games in violation of R.C. 2913.02.
Appellant's first assignment of error is overruled.
 II, III
Appellant, in his second assignment of error, contends that the trial court erred in applying R.C. 2913.72 since the complaining witness, Lancaster Sales, was not the "renter" of the video games as such term is defined in the statute. Appellant, in his third assignment of error, argues that R.C. 2913.72" is inconsistent with Ohio Revised Code [Section] 2901.22(B) which defines the term "knowingly."
Once again we note that appellant concludes that the trial court relied on R.C. 2913.72 when it reached its guilty finding. As stated in our analysis of the first assignment of error, we do not reach that same conclusion from the record.
Regarding the second assignment of error, we do agree with appellant that R.C. 2913.72(A)(2) does not apply to the case sub judice. The renter in the case sub judice is not the owner of the property.[3] The renter in the case sub judice leases the property that he then rents out to others. By finding the statute inapplicable does not mean that we conclude that the trial court could not consider appellant's failure to return the property after receiving notice to do so, as intent to commit a theft. The statute says that certain evidence shall be considered as evidence of intent. It does not say that any other evidence of intent shall not be considered. In fact, 2913.72(C) sates that "[t]he evidence in division (A) of this section does not constitute the only evidence that may be considered as evidence of intent to commit theft of rented property." We find no error in the trial court's considering appellant's failure to return the property, after notice to do so, as evidence of intent to commit a theft.
Since we have concluded that it is not clear from the record whether or not the trial court relied exclusively on R.C. 2913.72(A)(2), and since we have also concluded that R.C. 2913.72(A)(2) does not apply, and since there is a presumption of regularity in the trial court's proceedings, and since there is sufficient evidence of intent without using 2913.72(A)(2), we find any further discussion of assignment of error three is not necessary.
Appellant's second and third assignments of error are overruled.
 IV
Appellant, in his fourth assignment of error, maintains that the trial court erred in granting appellee's motion to amend the date in the complaint. During closing arguments, the trial court granted appellee's motion to amend the date in the complaint from on or about November 28, 1998, to the date when appellant failed to turn over the video games after receipt of the certified letter from Rooker[4]. Appellant now contends that such an amendment was "an impermissible amendment of the complaint pursuant to Rule 7 of the Ohio Rules of Criminal Procedure."
Crim.R. 7(D) provides the circumstances under which an indictment can be amended:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
This rule permits errors to be corrected during the course of or even after a trial, so long as the amendment makes no change in the name or identity of the crime charged. State v. O'Brien (1987), 30 Ohio St.3d 122.
Appellant in the case sub judice clearly knew that he was charged with theft of the video games in violation of R.C. 2913.02. When the indictment was amended to change the date of the offense, neither the name nor the identity of the criminal charge changed. For such reason, we find that the trial court did not err in granting appellee's oral request to amend the indictment.
Appellant's fourth assignment of error is, therefore, overruled.
Accordingly, the judgment of the Fairfield County Municipal Court is affirmed.
[1] There is conflicting evidence in the record regarding whether appellant, when renting the video games, supplied an incorrect telephone number to Lancaster Sales or whether a Lancaster Sales' employee was provided with the correct telephone number by appellant but logged the number into Lancaster's computer incorrectly.
[2] After the criminal charges were filed in this matter, appellant turned over the video games to the Prosecutor's Office.
[3] 2913.72(D)(1) defines a renter as a person who owns rented property.
[4] The actual date was not specified.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield Municipal Court is affirmed. Costs waived.
Edwards, P.J. Farmer, J. and Wise, J. concurs.