OPINION
{¶ 1} Defendant-appellant Ricky Daniels ("Daniels") brings this appeal from the judgment of the Court of Common Pleas of Putnam County finding him guilty of child endangerment and involuntary manslaughter.
 {¶ 2} On April 11, 2003, Daniels was indicted on one count of endangering children, one count of felonious assault, and one count of murder. Daniels was arraigned on April 14, 2003, and entered a plea of not guilty and not guilty by reason of insanity. Daniels was examined and found competent to stand trial. It was also determined that Daniels did not meet the criteria to be found not guilty by reason of insanity. On June 19, 2003, Daniels entered a guilty plea to a bill of information to one count of endangering children and one count of involuntary manslaughter. The State dismissed the charges in the indictment pursuant to the plea agreement. On July 23, 2003, the trial court sentenced Daniels to eight years in prison on the endangering children charge and ten years in prison on the involuntary manslaughter charge, to be served consecutively. It is from this judgment that Daniels appeals and raises the following assignments of error.
The bill of information was insufficient under Crim.R. 7(B)for it failed to state an essential element of endangeringchildren.
 The trial court committed an error of law by imposing maximumconsecutive sentences.
 {¶ 3} In the first assignment of error, Daniels claims that the bill of information must allege the mental state of recklessness. Crim.R. 7(B) requires that a bill of information contain sufficient statements to provide the defendant with notice of all of the elements of the offense for which the defendant is charged. The element of recklessness is an essential element of the offense of child endangerment and the charging instrument must include it. State v. McGee (1998),128 Ohio App.3d 541, 715 N.E.2d 1175. The State claims that Daniel's failure to object prior to a guilty finding waives the issue on appeal. However, by pleading guilty to an offense, a defendant does not waive the right to challenge a charging document that fails to state an essential element. State v. Keplinger,
12th Dist. No. CA2002-07-013, 2003-Ohio-3447.
Generally, an indictment or, in this case, an information mustallege all elements of the crime intended to be charged. * * * Ifan essential and material element identifying the offense isomitted from the information, it is insufficient to charge anoffense. * * * The omission of a material element of the crimefrom an indictment renders the indictment invalid.
Id. at ¶ 7.
In this case, the bill of information used the statutory language. The statutory language does not include the mens rea of recklessness.
[An] indictment charging endangering children solely in thelanguage of that statute necessarily omits an essential elementof the offense, i.e., recklessness. As such, the indictment doesnot give the accused notice of all the elements of the offensewith which he is charged. Therefore, the indictment in itsoriginal form was insufficient under Crim.R. 7(B).
 McGee, supra at 544 (citing State v. O'Brien [1987],30 Ohio St.3d 122, 508 N.E.2d 144). Since recklessness is an essential element of the offense of child endangerment, it must be included in the bill of information for it to be a satisfactory charging document. The failure to include this element is substantial and amounts to plain error. Thus, the first assignment of error is sustained.
 {¶ 4} The second assignment of error alleges that the trial court erred by imposing maximum, consecutive sentences. Since we sustained the first assignment of error and reversed the conviction, an assignment of error concerning the sentence imposed is moot.
 {¶ 5} The judgment of the Court of Common Pleas of Putnam County is reversed.
Judgment reversed.
Shaw, P.J., and Cupp, J., concur.