OPINION
{¶ 1} Defendant-appellant Donna Conley appeals from her conviction and sentence on one count of involuntary manslaughter and one count of child endangering. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 13, 2002, defendant-appellant Donna Conley was indicted by the Perry County Grand Jury on one count of involuntary manslaughter, in violation of R.C. 2903.04(A), and one count of child endangering, in violation of R.C. 2919.22(A). The count of involuntary manslaughter was based upon an underlying felony of child endangering. The indictment arose from the death of Brandi Conley. Brandi died on December 18, 1996, and was four years of age.
 {¶ 3} A jury trial was held July 14 through July 16, 2003. In general, the following evidence was presented at trial. Appellant, Scott Conley (appellant's husband), Brandi Conley (Scott Conley's daughter and appellant's step-daughter), Shawn Byrnes and Heather Byrnes (appellant's two children from a previous marriage), and Patricia and Wilson Bidlack (appellant's parents), had recently moved into a large old house that used to be a hotel. Appellant, Scott, Brandi, Shawn and Heather lived on the second floor of the house and Patricia and Wilson Bidlack lived on the first floor of the house. On December 17, 1996, appellant and Brandi were home alone.
 {¶ 4} At 12:53 p.m. on December 17, 1996, appellant placed a 9-1-1 call for assistance to the Perry County Sheriff's Office. Appellant stated that her four year old had fallen down the stairs and hit her head. The dispatcher was unable to secure the services of a voluntary emergency squad from the area, so a paid ambulance was dispatched out of Zanesville. The emergency squad arrived at 1:23 p.m.
 {¶ 5} When the emergency squad arrived, they found Brandi on a couch on the second floor of the home. The emergency squad described Brandi's condition as being extremely serious.
 {¶ 6} Brandi was transported to Bethesda Hospital in Zanesville, Ohio. Thereafter, she was flown by helicopter to Children's Hospital in Columbus, Ohio. Although Brandi underwent treatment, she died from her injuries the following day, on December 18, 1996. While Brandi was being treated, appellant spoke to a Perry County Sheriff's Department Deputy and an investigator from Perry County Children's Services. Appellant stated that she heard a noise and then found Brandi at the bottom of the stairs by a blanket. According to the investigator, appellant stated that Brandi cried at first and then became unconscious. Appellant told them that she called her mother first and then called 9-1-1 for assistance.
 {¶ 7} Following her death, Brandi's body was taken to the Franklin County Coroner's Office where Dr. Keith Norton, a forensic pathologist, performed an autopsy. In his initial report, Dr. Norton stated that the cause of death was blunt trauma to the head which he characterized as accidental. Subsequently, Dr. Norton changed the autopsy report, indicating that it was a homicide rather than an accident. Although Dr. Norton testified that he was under considerable pressure from appellant's ex-husband and doctors at Childrens Hospital to change his report from accident to homicide, Dr. Norton testified that he changed the report based upon his review of medical literature and his realization that the injuries were inconsistent with an accident.
 {¶ 8} Other medical experts testified in the case for the State. Ultimately, each generally concluded that Brandi's injuries were not consistent with having fallen down the stairs or from a fall off of the banister above the stairs. There was also testimony concerning physical indications that Brandi may have been physically and/or sexually abused in the past.
 {¶ 9} The defense presented no expert testimony. However, Scott Conley and Shawn Byrnes testified for the defense and appellant testified on her own behalf.
 {¶ 10} Following deliberations, the jury found appellant guilty on both counts. On August 20, 2003, appellant was sentenced to nine years of imprisonment on the count of involuntary manslaughter and four years of imprisonment on the count of child endangering. The trial court ordered that the sentences be served consecutively, for a total of 13 years in prison.
 {¶ 11} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
{¶ 12} "I. APPELLANT WAS DEPRIVED OF HER RIGHTS TO A GRAND JURY INDICTMENT, TO DUE PROCESS AND A FAIR TRIAL PURSUANT TO ART. I, SECTION 10 OF THE OHIO CONSITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE INDICTMENT FAILED TO INCLUDE ALL THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED AND THE JURY WAS NEVER INSTRUCTED ON A CULPABLE MENTAL STATE.
{¶ 13} "II. THE MISCONDUCT OF THE PROSECUTOR SO TAINTED THE TRIAL WITH UNFAIRNESS THAT APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION X OF THE OHIO CONSTITUTION.
{¶ 14} "III. THE IMPROPER ADMISSION OF OTHER ACTS TESTIMONY DEPRIVED APPELLANT OF HER RIGHT TO DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
{¶ 15} "IV. THE TRIAL COURT ERRED IN ADMITTING PREJUDICIAL, INADMISSIBLE AND INFLAMMATORY EVIDENCE CONTRARY TO DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW.
{¶ 16} "V. THE TRIAL COURT ERRED IN IMPOSING MULTIPLE PUNISHMENTS FOR ALLIED OFFENSES OF SIMILAR IMPORT CONTRARY TO R.C. 2941.25 AND THE DOUBLE JEOPARDY CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTIONS.
{¶ 17} "VI. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO NUMEROUS ERRORS AND OMISSIONS WHICH PREJUDICED APPELLANT'S TRIAL.
{¶ 18} "VII. THE TRIAL COURT ERRED WHEN IT ENTERED THE JUDGMENT OF CONVICTION IN THE ABSENCE OF SUFFICIENT EVIDENCE TO ESTABLISH ALL THE ELEMENTS OF THE OFFENSES CHARGED IN THE INDICTMENT, AND WHEN THE EVIDENCE [SIC] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO THEFIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."
 I {¶ 19} In the first assignment of error, appellant contends that the indictment was defective because it failed to contain a culpable mental state and that the jury instructions also failed to contain the culpable mental state. We agree.
 {¶ 20} An indictment must give a defendant notice of all the elements of the offense with which the defendant is charged. Crim. R. 7(B). Appellant was charged with one count of child endangering, pursuant to R.C. 2919.22(A),[1] and one count of involuntary manslaughter, based upon an underlying felony of child endangering. Although not stated in R.C. 2919.22, recklessness is the culpable mental state for the crime of child endangering. State v. O'Brien (1987), 30 Ohio St.3d 122,508 N.E.2d 144. In this case, the indictment did not include the culpable mental state of reckless.
 {¶ 21} The Ohio Supreme Court has held that an indictment for child endangering which does not contain the culpable mental state of recklessness is insufficient to charge that offense. Id. The Ohio Supreme Court has further held that "[a] judgment of conviction based upon an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked . . . on direct appeal to a reviewing court. . . ." State v. Cimpritz
(1953), 158 Ohio St. 490, 110 N.E.2d 416, syllabus at para. 6. Thus, because the indictment did not include the element of recklessness, the indictment was insufficient and failed to charge an offense.
 {¶ 22} Appellee points out that appellant failed to raise this defect in the indictment in the trial court. Admittedly, R.C. 2941.29[2] and Crim. R. 12[3] state that a defendant must object to defects in an indictment prior to trial or at least while the matter is pending in the trial court. However, these sections cannot confer jurisdiction. Statev. Bretz, Cuyahoga App. No. 92-P-0008, 1993 WL 334249. However, as noted by the Supreme Court in Cimpritz, supra, a trial court lacks subject matter jurisdiction if the indictment does not charge an offense. "Where a court has no jurisdiction over the subject matter of an action . . ., a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court." State v. Hous, Greene App. No. 02CA116, 2004-Ohio-666 (quoting Jenkins v. Keller (1966),6 Ohio St.2d 122, 216 N.E.2d 379, para. five of syllabus).
 {¶ 23} In deciding this issue, we have considered that an indictment can be amended while the case is pending in the trial court, as long as the name or identity of the crime are not changed and the defendant has not been misled or prejudiced. Crim. R. 7; State v. O'Brien (1987),30 Ohio St.3d 122, 127-128, 508 N.E.2d 144. This court has previously found that an indictment can be amended implicitly through the use of proper jury instructions that include the missing element, thereby indicating that the parties and the jury were aware of the elements of the offense. State v. Marschat (Jan. 25, 1991), Richland App. No. CA-2764, 1991 WL 12812. However, in this case, the indictment was not amended at trial to correct the defect and the jury instructions did not include the culpable mental state of recklessness.
 {¶ 24} Because an indictment can be amended to correct errors or omissions, some courts have applied the plain error test in situations similar to this case. See State v. Joseph, 73 Ohio St.3d 450,653 N.E.2d 285, 1995-Ohio-288 (applies plain error test and finds indictment sufficient); State v. Castile, Erie App. No. E-02-012,2005-Ohio-41; State v. Daniels, Putman App. No. 12-03-12, 2004-Ohio-2063. Accordingly, this court will apply the plain error test.
 {¶ 25} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804; State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452.
 {¶ 26} The failure to state the essential element of recklessness in regard to an indictment for child endangering and to subsequently fail to amend the indictment or otherwise correct the error is plain error. Statev. Daniels, supra. Such an indictment is insufficient and invalid. Id. Appellant was never given notice of the elements of the offenses for which she was charged. Id.[4]
 {¶ 27} Accordingly, because the indictment failed to invoke the court's jurisdiction and was not amended, implicitly or explicitly, appellant's convictions for involuntary manslaughter and child endangering are void.
 {¶ 28} Appellant's first assignment of error is sustained.
 II, III, IV, V, VI, VII {¶ 29} Because this court has found the indictment to be fatally defective and the first assignment of error has been sustained, we find the remaining assignments to be moot.
 {¶ 30} The judgment of the Perry County Court of Common Plea is reversed and a judgment of dismissal in favor of appellant is entered as to both counts.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is reversed and a judgment of dismissal in favor of appellant is entered as to both counts. Costs assessed to appellee.
[1] "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age . . . shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." R.C. 2919.22.
[2] "No indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits." R.C. 2941.29.
[3] "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial: . . . Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding). . . ." Crim. R. Rule 12(C)(2).
[4] This case can be distinguished from the case of State v. Joseph,
cited above, in which the Ohio Supreme Court found that a defect in an indictment did not constitute plain error. In Joseph, Joseph, the defendant-appellant, argued that his indictment was defective because it did not specify a proper aggravating circumstance in order to properly charge appellant with a capital offense. Specifically, Joseph was alleged to be a principal offender, pursuant to R.C. 2929.04(A)(7), yet the indictment did not include a statement to that effect. Joseph did not challenge the sufficiency of the indictment in the trial court so the Ohio Supreme Court applied the plain error test. The Court found that the error in the indictment did not constitute plain error. The Court reasoned that the indictment included all of the elements of the underlying offense of aggravated murder and included the applicable aggravating circumstance by citing to R.C. 2929.04(A)(7). Further, the jury verdict form included the proper language concerning the principal offender specification. Thus, the Court found that Joseph was given notice that he was being tried as a principal offender. The Court further noted that if the error had been identified in the trial court, the indictment could have been amended to correct the error. In this case, as in Joseph, the defective indictment could have been amended if the error had been raised in the trial court. However, this case is significantly different from Joseph because, in this case, the indictment did not include an essential element of the offense for which appellant was indicted, namely the mens rea, nor did it include a reference to that element. Further, unlike in Joseph, the jury was never informed of all of the elements of that offense. Thus, appellant was never put on notice of all of the essential elements of the offense. Accordingly, this case can be distinguished from Joseph because there is nothing in this record to indicate that appellant was put on notice of all of the elements of the offense of which she was accused.