[Cite as *State v. Hrinko*, 2017-Ohio-51.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SARAH HRINKO | : | Case No. CT2016-0015 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CRB-1501059



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               January 6, 2017




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

D. MICHAEL HADDOX                       DAVID A. SAMS
Prosecuting Attorney                    Box 40
                                        West Jefferson, Ohio 43162
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney          ADAM J. GROSSHANDLER
Muskingum County, Ohio                  38 N. 4th
27 North Fifth Street, P.O. Box 189     Zanesville, Ohio 43701
Zanesville, Ohio 43702-0189

*Baldwin, J.*

**{¶1}** Defendant-appellant Sarah Hrinko appeals her conviction and sentence from the Muskingum County Court on one count of child endangering. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On December 21, 2015, a complaint was filed in the Muskingum County Court charging appellant with one count of child endangering in violation of R.C. 2919.22(A), a misdemeanor of the first degree. At her arraignment on January 8, 2016, appellant entered a plea of not guilty to the charge.

**{¶3}** Thereafter, a bench trial was held on February 22, 2016. At the bench trial, Detective Gary Hargraves of the Muskingum County Sheriff's Office testified that he was on duty on the afternoon of December 19, 2015 in a high crime and narcotics area when he observed a man going up to the door of an apartment that was known for drug dealing. He identified the man as Timothy Hrinko and noticed that he had a warrant for his arrest.

**{¶4}** The Detective testified that Timothy Hrinko was driving a red station wagon and had been pacing outside the apartment complex for some time while talking on a cell phone. Detective Hargraves then parked next to the station wagon and discovered that appellant also was in the vehicle along with the couple's seven year old child, who was not in a safety seat. The station wagon contained clothing, blankets and pots and pans. When Timothy Hrinko was patted down, the Detective discovered two hypodermic syringes on him that looked like they had recently been used and arrested Timothy Hrinko on the outstanding warrant.

**{¶5}**   Detective Hargraves testified that he spoke with appellant and learned that she also had an outstanding warrant. Appellant told him that she and her husband had been using heroin and that they were in the area to find a place to stay since they had been living out of their vehicle. Detective Hargraves testified that he observed fresh injection sites on appellant's forearms. When asked about the child, he testified that she did not look malnourished and was wearing clothes. After arresting appellant, the Detective contacted Children's Services to take custody of the child.

**{¶6}**   On cross-examination, Detective Hargraves admitted that he had not personally observed appellant inject heroin or any drug activity. He testified that Timothy Hrinko went to the apartment of a known heroin dealer.

**{¶7}**   At trial, Timothy Hrinko testified that he went to the apartment to spend the night after appellant was molested by her grandfather and they had to leave where they had been staying.  He denied being at the apartment to buy heroin and denied ever using heroin in front of his daughter.  On cross-examination, he was unable to remember the last name of the individual who lived at the specific apartment, but testified that he had been to the apartment before to purchase heroin. He further denied that appellant had any idea where they were going.  Timothy Hrinko also testified that they were going to lend their vehicle to the heroin dealer in exchange for a place to stay. He admitted that both he and his wife had fresh track marks on their arms. When questioned by the trial court, he testified that both he and appellant had used heroin the day before.

**{¶8}**   At the conclusion of the trial, the trial court found appellant guilty. Appellant was sentenced to 30 days in jail and placed on 12 months of probation.

**{¶9}**   Appellant now appeals, raising the following assignment of error on appeal:

{¶10} THE CONVICTION FOR CHILD ENDANGERING WAS BASED ON INSUFFICIENT EVIDENCE AND WAS OTHERWISE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

I

{¶11} Appellant, in her sole assignment of error, argues that her conviction for child endangering was against the manifest weight and sufficiency of the evidence. We disagree.

{¶12} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶13} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be overturned and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶14}** Appellant was found guilty of child endangering in violation of R.C. 2919.22(A). Such section states as follows:

> (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.

**{¶15}** R.C. 2901.01(A)(8) provides that "'Substantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." Although not stated in R.C. § 2919.22, recklessness is the culpable mental state for the crime of child endangering. *State v. O'Brien*, 30 Ohio St.3d 122, 508 N.E.2d 144 (1987); *State v. Conley,* 5th Dist. Perry App. No. 03–CA–18, 2005–Ohio–3257 at ¶ 20. Recklessness is defined in R.C. 2901.22(C), which states as follows:

A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

**{¶16}** As noted by the trial court at the conclusion of the trial, there was testimony that both appellant and her husband had recently used heroin and were driving around in a high-risk drug area shortly thereafter with their child in the vehicle. Both had fresh track marks on their arms and recently used hypodermic needles were found on Timothy Hrinko's person. The couple's child was not in a safety seat and the couple was going to lend their vehicle to a drug dealer in order to have a place to stay at a residence where they had purchased drugs before. Up to that point, they had been living out of their vehicle in December.

**{¶17}** Based on the foregoing, we find appellant's conviction for child endangering was not against the manifest weight and sufficiency of the evidence. We find that there was sufficient evidence that appellant recklessly created a substantial risk to her child's health and safety by violating a duty of care or protection and that the trial court did not create a manifest miscarriage of justice by convicting appellant of child endangering.

**{¶18}** Appellant's sole assignment of error is, therefore, overruled.

{¶19} Accordingly, the judgment of the Muskingum County Court is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.