DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Randy A. Pollock, defendant below and appellant herein, guilty of complicity to burglary in violation of R.C. 2923.03 2911.12(A)(3). The following errors are assigned for our review:
First assignment of error:
"The trial court abused its discretion when allowing the state of Ohio to amend the indictment."
Second assignment of error:
"Trial counsel's assistance was ineffective."
 {¶ 2} On the evening of April 20, 2001, appellant encountered Anthony Lowery at the "Saddle Bar" in Chillicothe.[2] The two men started talking and Lowery told appellant that his sister was on vacation in Florida and that he was watching her house. Lowery also told him about some of the personal items that the family had in the house.
 {¶ 3} The two men spent the night together and, the next morning, drove to Lowery's sister's house. Lowery entered the house through a basement window and then opened the garage door so that appellant could enter the house. They took a variety of personal property from the house including guns and an arrowhead collection.
 {¶ 4} On August 31, 2001, the Ross County Grand Jury returned an indictment charging appellant with complicity to burglary. The indictment specifically charged that appellant "did knowingly aid or abet another in committing a violation" of R.C. 2911.12(A)(3) in violation of R.C. 2923.03. (Emphasis added.) Appellant pled not guilty and the matter proceeded to a jury trial. At trial, Lowery admitted to the burglary and identified appellant as the one who assisted him with the crime.[3] Before giving the case to the jury, the court noted that the indictment alleged that appellant acted "knowingly" when it should have charged that he had acted "purposely."[4] The prosecution moved to amend the indictment so as to specify the proper mens rea. Over defense counsel's objection, the trial court granted the prosecution's motion. After trial, the jury found appellant guilty. The court then sentenced appellant to five years in prison.[5] Judgment to that effect was entered July 10, 2002, and this appeal followed.
 I {¶ 5} Appellant asserts in his first assignment of error that the trial court erred in allowing the indictment's amendment. We disagree.
 {¶ 6} Our analysis begins with Crim.R. 7(D) which specifies as follows:
"The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."
 {¶ 7} Thus, under this rule an indictment can be amended to include a missing element of an offense so long as the amendment does not change the name or identity of the crime and the accused has not been misled or prejudiced by the omission of such an element from the indictment. State v. Brooks (1996), 75 Ohio St.3d 148, 159,661 N.E.2d 1030; State v. O'Brien (1987), 30 Ohio St.3d 122,508 N.E.2d 144, at paragraph two of the syllabus.
 {¶ 8} The amendment at issue in the case sub judice did not change the name or identity of the charged crime. Appellant was charged with complicity — that is, the aiding or abetting of another in commission of a burglary in violation of R.C. 2923.03 2911.12(A)(3). The amendment did not change the crime's name, identity, nature or applicable code sections. See Brooks, supra at 159. Appellant had "sufficient notice" of the crime with which he was charged. See State v.Carter (2000), 89 Ohio St.3d 593, 598-599, 734 N.E.2d 345.
 {¶ 9} Moreover, we cannot discern any prejudice from allowing the indictment's amendment. Appellant presented no evidence in his defense at trial. His theory of the case was to argue that the prosecution's only evidence was Lowery's testimony and that Lowery was unreliable both because he is "slow"[6] and because he cooperated with police and the prosecution. Appellant did not base his defense on the applicable mental state. Thus, appellant's case could not have been harmed when the court amended the indictment to reflect the proper mens rea. We also note that neither during the proceedings below nor in his brief on appeal, has appellant articulated how he would have proceeded differently if the correct mental state had initially been included in the indictment.
 {¶ 10} For all these reasons, we find no merit to appellant's first assignment of error and it is accordingly overruled.
 II {¶ 11} Appellant argues in his second assignment of error that he received ineffective assistance from trial counsel. The basis for this argument is that counsel failed to discern the defect in the indictment (i.e. incorrect mens rea) and request a dismissal of the case. We are not persuaded.
 {¶ 12} In order to obtain the reversal of a conviction on the grounds of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674,104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139,694 N.E.2d 916. Both prongs of this test need not be analyzed if a claim can be resolved under only one of them. See State v. Madrigal (2000),87 Ohio St.3d 378, 389, 721 N.E.2d 52. Thus, if a claim can be resolved because appellant has not shown prejudice, that course of action should be followed. See State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082.
 {¶ 13} As we noted infra, under the circumstances present in the instant case, the inclusion of an incorrect mental state in the indictment could properly be amended under Crim.R. 7(D). Thus, even if counsel had discovered this issue and requested a dismissal of the indictment the prosecution could have requested an amendment of the indictment. The trial court would certainly have granted the motion. In short, we would be at exactly the situation that we now occupy. Therefore, appellant cannot demonstrate that he suffered any prejudice as a result of his attorney's failure to recognize the defect and we will not presume that such prejudice exists. See e.g. State v. Tucker (Apr. 2, 2002), Ross App. No. 01CA2592; State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691, unreported; State v. Maughmer (Feb. 7, 1991), Ross App. No. 1667, unreported.
 {¶ 14} Appellant also points out that counsel presented no evidence at trial in his defense. Appellant does not, however, demonstrate that he had any mitigating evidence to present and we will not simply assume that such evidence existed somewhere. He also claims that trial counsel was "obviously unprepared." It is not, however, obvious to us that counsel was unprepared. What is obvious is that the prosecution had eyewitness testimony (i.e. Lowery) to prove appellant's complicity to burglary. Furthermore, we note that when a defendant's claims of ineffective assistance of counsel is based upon facts not present in the record, the appropriate course of action is to pursue a petition for post conviction relief. See, generally, State v. Fryer
(1993), 90 Ohio App.3d 37, 627 N.E.2d 1065, jurisdictional motion overruled 68 Ohio St.3d 1433, 625 N.E.2d 622. See, also, R.C. 2953.21;State v. Cooperrider (1983), 4 Ohio St.3d 226, 448 N.E.2d 452.
 {¶ 15} For these reasons, we find that the second assignment of error is without merit and it is hereby overruled.
 {¶ 16} Having considered all the errors assigned and argued in the briefs, and after finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[2] Appellant is the son of Lowery's father's girlfriend and, thus, the two men were somewhat familiar with each other.
[3] Lowery conceded at trial that he was also charged, pleaded guilty and was incarcerated for his involvement in the burglary.
[4] The court cited State v. Johnson (2001),93 Ohio St.3d 240, 754 N.E.2d 96, at the syllabus, for the proposition that a defendant charged with complicity must be shown to have the same criminal intent as the offender charged with the principal crime. Because burglary under R.C.2911.12(A)(3) proscribes trespass in an occupied structure "with purpose to commit" a crime, the court reasoned that the applicable mental state that should have been specified in the indictment was "purposely" rather than "knowingly."
[5] It was revealed during sentencing that appellant has an extensive criminal background and that when he committed this offense he was on parole for another crime.
[6] Lowery's sister, Tonya Howard, even testified below that her brother is "kind of slow" and that she felt "sorry for him."