The State of Ohio, Appellee, *v.* Saylor, Appellant.

(No. 39828—Decided May 11, 1966.)

*Mr. Norman J. Putman,* prosecuting attorney, and *Mr. James R. Unger,* for appellee.

*Mr. Jerry P. Hontas,* for appellant.

HERBERT, J, The defendant was convicted of violating Sec-2905.34 of the Revised Code, which commands that "no person shall *knowingly* sell, lend, give away, exhibit, or offer to sell, give away, or exhibit, or publish or offer to publish or *have in his possession or under his control* an obscene, lewd, or lascivious book, magazine, pamphlet * * * picture * * *." (Emphasis added.)

The requirement of knowingly having in possession obscene material was explained in *State* v. *Jacobellis* (1962), 173 Ohio St. 22, *reversed on other grounds, Jacobellis* v. *Ohio* (1964), 378 U. S. 184. The second paragraph of the syllabus reads as follows:

"The words, knowingly possess, as used in Section 2905.34, Revised Code, include 'scienter' (guilty knowledge) and 'mens rea' (guilty purpose), both of which must be established by proper evidence to sustain a conviction for violation of such section."

In further explication of the element of mens rea, or guilty purpose, the majority opinion stated, at 173 Ohio St. 27, 28:

A person "could only be said to violate the law when and if he forms the purpose to use, exhibit or sell it wrongfully, in other words, forms the mens rea and acts in furtherance thereof.

"When this phrase is read in context with and in relation to the rest of the section, it is readily apparent that such phrase does *not* relate to the *mere possession* for private and personal gratification *but rather* to *possession* and control *for the purpose of circulation or exhibition* * * *." (Emphasis added.)

In the case at bar, it was stipulated that the materials in question were "not on public display" in the book store. The agreed statement of facts makes no reference or mention of guilty purpose to sell, circulate or exhibit the materials, although an intent to sell, circulate or exhibit such materials was an essential element of the offense. The state argues that one may infer a guilty purpose from the fact of possession. However, under Section 2945.04 of the Revised Code, the accused is presumed innocent until proved guilty beyond a reasonable doubt. Thus we are forbidden by statute to indulge in the spec-

ulation which the state suggests. Moreover, to hold that mere possession can support an inference of guilty purpose sufficient to convict the accused would be tantamount to overruling the second paragraph of the syllabus in *Jacobellis* which specifically states that " 'mens rea' (guilty purpose) must be established by proper evidence to sustain a conviction for violation of" Section 2905.34 of the Revised Code.

The *Jacobellis* decision is the law of Ohio, and the defendant is entitled to rely on it. It has been suggested that the requirement of mens rea is not in the statute; but, even so, any attempt at this time to eliminate the mens rea requirement would confront serious due process objections. See *Bouie* v. *City of Columbia*, 378 U. S. 347, 353 ("an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law, such as Art. I, Section 10, of the Constitution forbids").

Since the failure of the state to meet the requirements of *Jacobellis* is dispositive of the case, we do not consider the other assignments of error.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.