THE STATE OF OHIO, APPELLANT, v. ROSS, APPELLEE.

[Cite as State v. Ross, 12 Ohio St. 2d 37.]

(No. 40743—Decided November 22, 1967.)

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Fred J. Cartolano,* for appellant.

*Mr. Allen Brown,* for appellee.

Brown, J. The problem underlying this case is that the language of the statute used in the indictment has been judicially limited, and this limitation is not apparent from the language itself. The crime is not to knowingly possess or control obscene material, but rather it is to do so with the guilty intention of using, exhibiting, or selling it wrongfully. *State* v. *Jacobellis,* 173 Ohio St. 22, reversed on other grounds, *Jacobellis* v. *Ohio,* 378 U. S. 184; *State* v. *Saylor,* 6 Ohio St. 2d 139. This *mens rea*

requirement was inferred by reading the language in context with the rest of the statute, and the motivation behind the inference was undoubtedly the preservation of language of otherwise questionable constitutionality. *State* v. *Mapp,* 170 Ohio St. 427, 433.

The result of this judicial limitation is that the crime has an element of specific intent which is not to be found within the literal words of the statute. The question of great general interest in this case is whether an indictment is sufficient if it uses only the words of the statute where the statute does not make clear all the elements of the crime. We hold in this case that such an indictment is not sufficient.

The appellant contends that an indictment need only follow the words of the statute to be sufficient, and it cites Section 2941.05, Revised Code. This section provides that an indictment "may be in words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged."

This provision is not dispositive of the case. That the indictment "may be in the words" of the statute does not mean that it is necessarily sufficient if it is in those words alone. Even if the statute specifically provided that statutory language would always be sufficient, the courts might *still* require more to put the defendant on notice of the offense charged. Code of Georgia, Section 27-701, *Barton* v. *State,* 79 Ga. App. 380, 53 S. E. 2d 707; *Stone* v. *State,* 76 Ga. App. 96, 45 S. E. 2d 89.

The part of Section 2941.05, Revised Code, permitting an indictment to use the language of a statute is nothing more than the codification of a general rule found in many jurisdictions, 27 American Jurisprudence 660, Indictments, Section 100. This rule, and its most relevant exception, are stated in 4 Wharton's Criminal Law and Procedure 626, as follows:

"The general rule that an indictment or information for a statutory offense is sufficient if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words, does not apply when the statutory words do not in themselves fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements and ingredi-

ents necessary to constitute the offense intended to be punished. * * * "

This exception is not surprising, as it is the logical result of cases requiring every element of a crime to be alleged for an indictment to be sufficient. *Harris* v. *State,* 125 Ohio St. 257, paragraph four of the syllabus.

There can be little doubt that the words, "knowingly * * * have in his possession or under his control," do not sufficiently inform the defendant of the element of guilty purpose essential to this crime. The appellant argues that they do inform the defendant, but he has used the result in *Jacobellis* while overlooking the way in which it was reached. The result was to read *mens rea* as well as scienter into "knowingly," but it was reached only by reading "knowingly" in the context of the *entire* statute. The word, "knowingly," did not of itself give rise to this interpretation.

The appellant has cited *State* v. *Lisbon Sales Book Co.,* 176 Ohio St. 482, but that case is distinguishable because there all the elements of the crime were within the language of the statute. We have found no Ohio case directly in point, but there are analogous cases from other jurisdictions which have used reasoning similar to our own. See, in particular, *State* v. *Oman,* 265 Minn. 277, 121 N. W. 2d 616.

In addition to the reasons above there is also indirect legislative authority for affirming the judgments below.

Section 2941.57, Revised Code, provides that:

"The accused may demur:

" * * *

" (B) When the intent is not alleged and proof thereof is necessary to make out the offense charged * * *." Although this ground of demurrer was not used by the defendant, it does indicate legislative recognition of the necessity of alleging intent when it is an essential element of the crime.

The judgment of the Court of Appeals affirming the judgment of the Common Pleas Court sustaining the demurrer is hereby affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and HERBERT, JJ., concur.

SCHNEIDER, J., concurs in the syllabus and judgment.