THE STATE OF OHIO, APPELLEE, *v.* POTTS, APPELLANT.
THE STATE OF OHIO, APPELLANT, V. KING, D. B. A. KING
NEWS, APPELLEE.
THE STATE OF OHIO, APPELLEE, *v.* STONE, APPELLANT.

(Nos. 68-209, 68-217 and 68-223—Decided
December 31, 1968.)

Mr. Melvin G. Rueger, prosecuting attorney, and Mr. Frederick J. Cartolano, for the state of Ohio.

Mr. Morse Johnson and Mr. James L. Cobb, for appellant in case No. 68-209 and appellee in case No. 68-217.

Mr. James M. Stober and Mr. Richard D. Haney, for appellant in case No. 68-223.

*Per Curiam.* The syllabus in *State* v. *Ross,* 12 Ohio St. 2d 37, requires an indictment, which charges a violation of Section 2905.34, Revised Code, to go beyond the language of the statute and state the criminal element of intent to use, exhibit or sell the offending obscene material.

The indictment in the instant cases is identical in all material respects to that in *Ross,* and it therefore contains the same defect. This insufficiency was recognized by the Court of Appeals which predicated its reversal of the King conviction upon error in the failure of the Court of Common Pleas to sustain defendant's demurrer to the indictment. Section 2505.21, Revised Code. Although this demurrer was formally filed in the name of King, that defendant was jointly indicted and jointly tried with Stone and Potts. The defect in the indictment, even as relating to Potts and Stone, was thus in effect called to the attention of the Common Pleas Court. In our opinion, it would be unreasonable to hold that a single indictment, which on appeal is found legally insufficient as to one defendant, may provide the basis for conviction of another defendant who is in the identical position and questions the sufficiency of that indictment on an appeal from his conviction thereunder.

It should be observed that on motion of the prosecuting attorney, the trial court struck the bill of exceptions from the record as being filed beyond the statutory rule and the correctness of that ruling was not presented to us. Therefore, we are prevented from determining that the defendants were not prejudiced by the defects in the indictment. See *State* v. *Jacobellis,* 173 Ohio St. 22.

The decision of the Court of Appeals reversing the

judgment of conviction of Polly King is affirmed, and the decision affirming the judgments of conviction of George Potts and John Stone are reversed.

*Judgment reversed in cases Nos. 68-209 and 68-223.*
*Judgment affirmed in case No. 68-217.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissenting. The thrust of the judgment of the majority is its holding that Section 2905.34 of the Revised Code captioned—"selling, exhibiting, and possessing obscene literature or drugs, for criminal purposes."—is invalid by reason of constitutional infirmities and that, consequently, the indictment fails to charge an offense. The indictment in its pertinent part reads, "* * * did unlawfully and knowingly have in their possession or under their control obscene, lewd or lascivious books to wit * * *." The indictment follows the wording of the statute.

The majority rests its judgment, solely, upon the case of *State* v. *Ross,* 12 Ohio St. 2d 37, which was decided on *November 22, 1967.* In the case at bar the defendants, having been found guilty by a jury, were sentenced on *April 24, 1967,* seven months *before* the decision in *Ross. Ross* is made retroactive in the majority pronouncement. At the time the presiding trial judge pronounced sentence upon the three defendants in the instant cases, on April 24, 1967, it was the settled law of Ohio that *Section 2905.34, supra,* was a valid statute, and that indictments drawn within its wording were proper. It would be, indeed, vain, even to attempt here to review all of the cases upon retroactivity or retrospectivity. Suffice it to quote from *People* v. *McQueen,* 18 N. Y. 2d 337, 343, as follows:

"* * * The past can seldom be reformed in the image of the present, and it is manifest that not every type of conviction can be set aside where the wisdom of the present does not coincide with that of the past. * * *"

Prior to *Ross,* the leading case in Ohio construing Sec-

tion 2905.34, *supra,* was *State* v. *Jacobellis,* 173 Ohio St. 22. In that case, Judge Radcliff made a thorough study and analysis of the section and the indictment. The indictment was quite similar to that in the case at bar. Paragraphs one and two of the syllabus in *Jacobellis* read:

"1. Section 2905.34, Revised Code, relating to obscenity, *is a valid exercise of the police power of the state of Ohio* and was enacted for the protection of its citizens, and a proper conviction for a violation thereof will be sustained.

"2. The words, knowingly possess, as used in Section 2905.34, Revised Code, include 'scienter' (guilty knowledge) and 'mens rea' (guilty purpose), both of which must be established by proper evidence to sustain a conviction for violation of such section." (Emphasis added.)

Since there is no bill of exceptions, our study is confined solely to the validity of the statute and the indictment.

Judge Radcliff, in an able and penetrating opinion in *Jacobellis,* said at page 27:

"It requires only a cursory examination of this section to determine that its language clearly relates to the circulation, publication and exhibition of obscene matter. In other words, to the dissemination of obscenity, whether for profit or otherwise. Under the doctrine of *noscitur a sociis* the phrase, 'in his possession or under his control,' must be read in context *with the language used in the section as a whole.*

"In the phrase, 'knowingly possess,' as used in criminal statutes, is implicit not only the element of scienter but also the element of mens rea, namely, 'a guilty or wrongful purpose.' It is not conceivable to us that a violation of Section 2905.34 is committed the moment an individual discovers that a book, picture or film in his possession is pornographic. He could only be said to violate the law when and if he forms the purpose to use, exhibit or sell it wrongfully, in other words, form the mens rea and acts in furtherance thereof." (Emphasis added.)

Five judges concurred, one dissented and one concurred in part in *Jacobellis.*

The syllabus of *State* v. *Saylor,* 6 Ohio St. 2d 139, reads:

"Proof of the mere possession of obscene material *is not sufficient to sustain a conviction under Section 2905.34 of the Revised Code,* which requires proof of a guilty purpose (mens rea) to disseminate such material. (*State* v. *Jacobellis,* 173 Ohio St. 22, followed.)" (Emphasis added.)

A unanimous court made this pronouncement which included approval of *State* v. *Jacobellis.*

*State* v. *Wetzel,* 173 Ohio St. 16, held Section 2905.34, *supra,* valid, as well as an indictment returned under its provisions.

Justice Zimmerman, the author of the opinion of the court, said at page 20:

"Surely the state in the exercise of its sovereign power may enact and enforce legislation designed to protect its people, particularly the young, inexperienced and unsophisticated, from the corrupting and degrading influence of what is plain unmitigated filth."

This court held Section 2905.34, *supra,* to be valid in *State* v. *Mazes,* 7 Ohio St. 2d 136. The Supreme Court of the United States, in 388 U. S. 453, reversed on other grounds than the wording of the statute. It is interesting to note that three justices would have granted the petition for oral argument on the "Ohio statute." It is apparent that the validity of the Ohio statutes was called to the attention of the entire court but no action was taken. It seems to me that the Supreme Court of the United States, by implication, was satisfied that the Ohio statute—Section 2905.34 of the Revised Code—was valid.

Another test of constitutional requirement of a statute is set out in *United States* v. *Harriss,* 347 U. S. 612, 617, in this language:

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for con-

duct which he could not reasonably understand to be proscribed."

Justice Zimmerman, in *State* v. *Wetzel, supra,* has applied the word "filth" to the books, papers and other literature prohibited by Section 2905.34 of the Revised Code. Putting it in simple language, if a person of reasonable mentality and understanding should be charged in an indictment that he was engaged in a crime by selling or circulating literary "filth" he probably would understand that he was accused of violation of the law.

Ohio is apparently becoming a fertile area for the dissemination of obscene literature. Consequently, many appeals have been taken to the Supreme Court of the United States from convictions in Ohio courts of persons charged with violations of Section 2905.34, Revised Code. Certiorari has been granted in many of these cases, resulting in reversals in some instances. However, there has been no reversal by reason of claimed statutory invalidity or defective indictment, although that issue has been suggested to the court.

The judgments of the majority in the cases at bar are in direct conflict with the judgments entered in *Jacobellis, Saylor, Wetzel* and *Mazes, supra.* This situation tends to create confusion and uncertainty at the trial as well as appellate levels.

If the judgment of the majority states the law of Ohio, then *Jacobellis, Saylor, Wetzel* and *Mazes* should be overruled. On the other hand, if *Ross* cannot be distinguished from those judgments that uphold Section 2905.34 of the Revised Code then its judgment should be overruled and the judgment of the majority in the cases at bar should not be entered.