THE STATE OF OHIO, APPELLEE, *v.* GUERRIERI, APPELLANT.

[Cite as State v. Guerrieri, 20 Ohio App. 2d 132.]

(No. 4845—Decided October 28, 1969.)

*Mr. Vincent Gilmartin*, prosecuting attorney, for appellee.

*Mr. Don L. Hanni*, for appellant.

LYNCH, P. J. Defendant, appellant herein, was convicted under an indictment charging that he "did unlawfully and knowingly, have in his possession or under his control a drug, medicine, article, or thing intended for causing an abortion, contrary to * * * R. C. 2904.34." He was sentenced to an indeterminate term of not less than one year nor more than seven years, and costs.

Defendant's first assignment of error is that Section 2905.34, Revised Code, is unconstitutional because it is vague, indefinite and uncertain on its face, as it does not adequately apprise an individual as to what is and is not proscribed.

The part of Section 2905.34, Revised Code, designating the prohibited criminal offenses is a fairly long sentence which includes several different acts that are prohibited as criminal offenses.

Defendant contends that the following last part of Section 2905.34, Revised Code, is unconstitutional on the authority of *Winters* v. *New York*, 333 U. S. 507 at page 523:

"* * * or sell, give away, or show to a minor, a book, pamphlet, magazine, newspaper, story paper, or other paper devoted to the publication, or principally made up,

of criminal news, police reports, or accounts of criminal deeds, or pictures and stories of immoral deeds, lust, or crime. * * *."

Defendant also challenges the constitutionality of that part of Section 2905.34, Revised Code, pertaining to obscene literature; however, we have held that, under the present state of the law, the standard used in Section 2905.-34, Revised Code, of "obscene, lewd, or lascivious" for obscene literature is not unconstitutionally vague. *Youngstown* v. *DeLoreto,* 19 Ohio App. 2d 267.

It is a well-established rule that parts of a statute, when capable of separation, may be valid and effectual, while other parts may be constitutionally invalid. Where a part of a statute is unconstitutional but may be separated from the other provisions, the validity of such other provisions is not affected thereby. *State, ex rel. Greenward Realty Co.,* v. *Zangerle,* 135 Ohio St. 533; *State, ex rel. Outcalt,* v. *Guckenberger,* 134 Ohio St. 457; 10 Ohio Jurisprudence 2d 264, Constitutional Law, Section 185.

That part of Section 2905.34, Revised Code, pertaining to the offense charged in the instant case is as follows:

"No person shall knowingly * * * have in his possession or under his control * * * a drug, medicine, article, or thing intended for causing an abortion, * * *."

This part is separable from the remainder of the statute, and the fact that another part of Section 2905.34, Revised Code, is unconstitutional does not affect the constitutionality of the part pertaining to the instant case.

No case has been called to our attention concerning the constitutionality of the part of Section 2905.34, Revised Code, which is at issue in this case. We must indulge a strong presumption in favor of its constitutionality. 10 Ohio Jurisprudence 2d 235-236, Constitutional Law, Section 158. We hold that the part of Section 2905.34, Revised Code, under consideration is constitutionally valid. Therefore, we overrule defendant's first assignment of error.

Defendant's second assignment of error is that the

indictment under which he was tried and convicted did not state a cause of action.

Defendant cites United States Supreme Court and Ohio Supreme Court cases which hold that statutes or ordinances which prohibit the possession or sale of obscene materials without reference to guilty knowledge (*scienter*) or guilty purpose (*mens rea*) on the part of the accused are unconstitutional. *Smith* v. *California*, 361 U. S. 147; *State* v. *Griffith*, 174 Ohio St. 553; *State* v. *Warth*, 173 Ohio St. 15; *State* v. *Jacobellis*, 173 Ohio St. 22; and *Cincinnati* v. *Marshall*, 172 Ohio St. 280.

Defendant also points out that where a criminal statute does not clearly make a certain specific intent an element of the offense, but judicial interpretation has made such intent a necessary element, an indictment charging the offense solely in the language of the statute is insufficient. *State* v. *Ross*, 12 Ohio St. 2d 37; *State* v. *Potts*, 16 Ohio St. 2d 111.

However, the above cases concern the obscene literature part of Section 2905.34, Revised Code.

No cases on this issue, for the violation of the part of Section 2905.34, Revised Code, at issue in this case, have come to our attention. We feel that the language of this part of the statute requires guilty knowledge (*scienter*) and guilty purpose (*mens rea*), and the indictment is worded in the language of the statute. See Section 2941.05, Revised Code.

Even if this were not true, a statute defining an offense, which is silent on the question of intent, thereby indicates the purpose of the General Assembly to make proof of a specific intent unnecessary, and, therefore, proof of a general intent to do the proscribed act is sufficient. *State* v. *Lisbon Sales Book Co.*, 176 Ohio St. 482; *State* v. *Healy*, 156 Ohio St. 229; *State* v. *Huffman*, 131 Ohio St. 27.

Defendant's third assignment of error contends that his motion to suppress all evidence seized by virtue of a search warrant should have been sustained, as the belief clause is defective and cannot support a valid search.

On August 25, 1966, the Youngstown police were in-

formed by the local agent of the Federal Bureau of Investigation that he had learned from two police officers in Erie, Pennsylvania, that a woman from Erie, Pennsylvania, was coming into Youngstown on a Greyhound bus for the purpose of obtaining an abortion. A cadet patrolman was assigned to the Greyhound Bus Terminal, and he observed that a young woman fitting the description given him arrived by bus and entered a 1965 Cadillac driven by the defendant. The cadet patrolman followed defendant and the woman, subsequently identified as Lillian Lagana, to the Route 90 Motel on Belmont Avenue in Trumbull County, where another group of Youngstown police officers took over the surveillance.

Approximately twenty minutes later, the defendant and Lillian Lagana left the motel and proceeded down Belmont Avenue into Youngstown where the motor vehicle was stopped by Youngstown police officers. Defendant was arrested, taken to the Youngstown Police Department and held until a search warrant was obtained to search the trunk of the 1965 Cadillac, where a black satchel containing instruments was found. There was testimony that such instruments could be used for causing an abortion.

Lillian Lagana was taken to St. Elizabeth Hospital, where she aborted on August 28, 1966.

The belief clause in the affidavit for a search warrant stated that the information was received from a reliable informant corroborated by personal observation of Youngstown police officers, and by the statement of the victim that defendant performed acts upon her attempting to abort her.

Under the facts of this case, we hold that defendant's third assignment of error is without merit.

We have reviewed defendant's other assignments of error, and find them without merit.

*Judgment affirmed.*

O'NEILL and JOHNSON, JJ., concur.