City of Cincinnati *v.* Patton.

(No. 21708—Decided May 18, 1973.)

Hamilton County Municipal Court.

*Mr. Ralph E. Cors*, Municipal Court prosecutor, for plaintiff.
*Mr. Michael C. Fletcher*, for defendant.

Gorman, J. This matter is before the court upon motions to dismiss and to quash the affidavit, filed by counsel on behalf of the defendant, Anita Patton.

Defendant is charged under Section 901-r2 of the Cincinnati Code of Ordinances which states, in part:

"No person shall resist, hinder, obstruct, or abuse any police officer while such officer is engaged in the lawful performance of his duties."

Defendant asserts that Section 901-r2 omits the element of *mens rea* and imposes absolute criminal liability which places the ordinance in direct conflict with the general law as set forth in R. C. 2917.33. The pertinent part of R. C. 2917.33 states, as follows:

"No person shall * * * knowingly and willfully resist, obstruct, or abuse a sheriff, or other officer in the execution of his office."

The defendant urges that this ordinance, which omits scienter is unconstitutionally vague and lacks ascertainable standards of guilt since one who unknowingly resists, obstructs or abuses an officer is innocent under the statute but guilty under the ordinance.

Alternatively, counsel for the defendant argues that even should the court find that the ordinance does not unconstitutionally conflict with the statute, the affidavit is defective and should be quashed since the terms of the charge omit any reference to the element of specific intent. The pertinent part of the affidavit states:

"* * * that Anita Patton on or about 3-10-73, in the city of Cincinnati, Hamilton County and state of Ohio, did unlawfully hinder a police officer of the Cincinnati Police Department while such officer was engaged in the lawful performance of his duties, contrary to and in violation of Section 901-r2 of the Cincinnati Municipal Code * * *."

In *Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163, the Supreme Court previously examined Section 901-r2 of the Cincinnati Code of Ordinances. The fifth paragraph of the syllabus of that decision states as follows:

"Where a city ordinance conflicts with a state statute in that the former does not specifically enunciate the requirement of *mens rea* prescribed in the latter, a conviction under the ordinance will not be reversed upon the basis of such conflict where the court charged the jury that a finding of *mens rea* was an essential prerequisite to a verdict of guilty."

It is, however, noteworthy that in *Hoffman, supra*, the defendants did not attack the validity of the affidavit before or during trial. Although the court held that the inclusion of the element of scienter by the trial judge in his charge to the jury cured any defect, the court went on to state, at pages 172-3, quoting from *State* v. *Ross* (1967), 12 Ohio St. 2d 37:

"Where a criminal statute does not clearly make

a certain specific intent an element of the offense, but judicial interpretation has made such intent a necessary element, an indictment charging the offense solely in the language of the statute is insufficient. * * *''

Council of the city of Cincinnati to date has neglected to amend the ordinance since this decision, and unlike *Hoffman, supra,* counsel for the defendant has made a timely objection to the affidavit.

The mere fact that the word, ''hinder,'' is contained in the series of prohibitions under the ordinance but omitted from the statute is immaterial. According to Section 1.42 of the Ohio Revised Code, relative to statutory construction, ''Words and phrases shall be read in context and construed according to the rules of grammar and common usage.'' Clearly, by its very definition, the word ''hinder'' is a synonym for the word ''obstruct.'' Webster's Third New International Dictionary. Consequently, the rule announced in *Cincinnati* v. *Hoffman, supra,* governs this affidavit, and the omission of the element of scienter renders it defective.

Defendant's motion to quash is, therefore, well taken and is granted.

*Motion to quash granted.*