The STATE of Ohio, Appellee,

v.

SHUGARS, Appellant.

[Cite as *State v. Shugars*, 165 Ohio App.3d 379, 2006-Ohio-718.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050380.

Decided Feb. 17, 2006.

Julia L. McNeil, Cincinnati City Solicitor, Ernest F. McAdams Jr., Cincinnati City Prosecutor, and Keith C. Forman, Assistant Prosecutor, for appellee.

Jon R. Sinclair, for appellant.

MARK P. PAINTER, Judge.

{¶ 1} In a case of first impression, we interpret Cincinnati's home-improvement ordinance as requiring proof of recklessness. Because neither the complaint nor the facts statement upon which the conviction was based included that element, the conviction was improper.

{¶ 2} Defendant-appellant, James O. Shugars, appeals his conviction for violating Cincinnati's home-improvement ordinance, a second-degree misdemeanor.[1] Shugars pleaded no contest and was sentenced to 90 days in jail and a $750 fine, with 80 days and $650 suspended, plus one year of probation. Shugars now claims that the state failed to assert that he "recklessly" violated the ordinance and that, therefore, his conviction cannot be sustained. He is more right than he alleges.

---

1. Cincinnati Municipal Code 891–893.

## I. A Bad Deal

{¶ 3} Julia Blanco hired Shugars to build a carport and a deck at her house. Blanco paid Shugars over $9,000, but all Shugars did was excavate and remove some debris from the area.

{¶ 4} After Blanco contacted the prosecutor's office, Shugars was charged with failing to provide Blanco with a contract containing certain mandatory provisions. For example, Shugars's contract with Blanco did not include a complete description of the work, the dates for beginning and ending the work, language concerning applicable permits, or language limiting the down payment on the contract to ten percent.

{¶ 5} Shugars pleaded no contest, and the trial court found him guilty. In mitigation, Shugars's attorney stated, "[C]ertainly there is no question that Mr. Shugars has violated the City Municipal Code 891, all of the sections that [the prosecutor] has pointed out." Later, his attorney said, "We certainly are not disputing, as I said, Judge, the violations of 891."

## II. Essential Element Missing

{¶ 6} In his single assignment of error, Shugars now claims that the state failed to prove the culpable mental state of recklessness.

{¶ 7} Cincinnati Municipal Code 891–893 does not mention a specific culpable mental state. It merely states that a contractor "shall" provide a written contract to the home owner and discusses in detail what the contract must contain.

{¶ 8} The Cincinnati Municipal Code mirrors the Ohio Revised Code concerning the culpable mental state for an offense when an ordinance is silent on the issue. "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." [2]

{¶ 9} The state argues that the offense is one of strict liability. But the Ohio Supreme Court has repeatedly held that the drafter of a statute or ordinance must plainly indicate in the language an intent to impose strict liability.[3] Public-policy arguments or the fact that the statute or ordinance

---

2. Cincinnati Municipal Code 902–911(b); R.C. 2901.21(B).

3. See *State v. Collins* (2000), 89 Ohio St.3d 524, 530, 733 N.E.2d 1118; *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268, at ¶ 12.

contains mandatory language does not factor into the determination whether strict liability is imposed.[4] It is not enough that the legislative body may have intended to enact a strict-liability law—it must "plainly indicate that intention in the language of the [law]." [5]

{¶ 10} The plain language of Cincinnati Municipal Code 891–893 does not indicate an intention to impose strict liability. If the city had so intended, it could easily have made the offense one of strict liability; it did not. Therefore, the state must both charge and prove recklessness as an element of the offense. Furthermore, if the state fails to prove recklessness, there is insufficient evidence to convict a person charged with the offense.

### III. Analogy

{¶ 11} As an analogy, we look to Ohio's statute concerning child endangering.[6] The Ohio Supreme Court has held that because the child-endangering statute does not specify a culpable mental state, the default mental state of recklessness is an essential element of the crime.[7] In addition, the court has held that "an indictment charging an offense solely in the language of a statute is insufficient when a specific intent element has been judicially interpreted for that offense." [8]

{¶ 12} In this case, the complaint against Shugars did not state any culpable mental state. Likewise, in its explanation of the circumstances of the offense, the state did not assert that Shugars had recklessly failed to provide Blanco with the required contractual provisions. In fact, the state did not assert or discuss Shugars's mental state at any time in the trial court.

{¶ 13} Therefore, because the state failed to allege an essential element of the offense, Shugars's conviction cannot be sustained.

### IV. No Waiver

{¶ 14} The state argues that because Shugars pleaded no contest, it is now too late for Shugars to challenge the state's evidence regarding the element

---

4. See *Collins*, supra, 89 Ohio St.3d at 530, 733 N.E.2d 1118; *Moody*, supra, at ¶ 16–17.

5. *Collins*, supra, 89 Ohio St.3d at 530, 733 N.E.2d 1118.

6. R.C. 2919.22.

7. See *State v. McGee* (1997), 79 Ohio St.3d 193, 195, 680 N.E.2d 975; *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, paragraph one of the syllabus.

8. See *State v. O'Brien*, supra, at 124, 30 OBR 436, 508 N.E.2d 144.

of a culpable mental state. But Shugars's plea of no contest only admitted the truth of the facts alleged by the state.[9] The state did not allege that Shugars had acted recklessly. A conviction in which an essential element was not proved cannot stand.

{¶ 15} Furthermore, the complaint did not even allege the culpable mental state of recklessness, and a valid complaint is a jurisdictional prerequisite to a conviction.[10] A defendant cannot waive the right to challenge a charging document that fails to state an essential element, even if the defendant pleads guilty to the charged offense.[11] Therefore, the issue has not been mooted on the grounds that Shugars pleaded no contest.

{¶ 16} While we are aware that the Ohio Supreme Court, in a death-penalty case, allowed a rape conviction to stand when an element was never charged in the indictment on the grounds of waiver (!), at least in that case, the element was proved at trial.[12] But here, the element was neither alleged nor proved. Even were it possible to waive an element of an offense—a strange proposition of law at best—something not mentioned cannot be waived.

## V. Conviction Vacated

{¶ 17} By omitting an essential element, the complaint against Shugars failed to state an offense under Ohio law. This defect has affected Shugars's substantial rights, and we must vacate Shugars's conviction and dismiss the complaint against him. But because the charging instrument did not charge an offense, the trial court had no jurisdiction to try Shugars,[13] so Shugars has not been placed in jeopardy. Therefore, another prosecution is not barred.[14]

---

9. See Crim.R. 11(B)(2); *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 423, 662 N.E.2d 370.

10. See Crim.R. 12(C)(2); *State v. Byrd*, 7th Dist., No. 04 BE 40, 2005-Ohio-2720, 2005 WL 1301768, at ¶ 16; *State v. Daniels*, 3rd Dist. No. 12–03–12, 2004-Ohio-2063, at ¶ 3.

11. Id.

12. See *State v. Carter* (2000), 89 Ohio St.3d 593, 598, 734 N.E.2d 345.

13. See *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416, paragraph six of the syllabus.

14. See *State v. Keplinger*, 12th Dist. No. CA2002–07–013, 2003-Ohio-3447, 2003 WL 21497117.

{¶ 18} Accordingly, we sustain Shugars's assignment of error, vacate his conviction, and dismiss the complaint against him.

Judgment vacated
and complaint dismissed.

HILDEBRANDT, P.J., and DOAN, J., concur.