I concur in both the judgment and opinion, albeit very reluctantly with respect to appellant's first assignment of error concerning the sufficiency of the indictment. I agree that the indictment for the illegal use of a minor in nudity-oriented material offense failed to include a culpable mental state element. However, the language in the indictment mirrored the language of the statute. As the principal opinion points out, R.C. 2907.323(A)(1) does not identify a specific culpable mental state element. Nevertheless, Ohio Supreme Court decisions appear to require the conclusion that an indictment is deficient if it does not include a culpable mental state element, even if that element is not specifically set forth in the applicable statute. See State v. Ross (1967), 12 Ohio St.2d 37, 231 N.E.2d 299; State v.Potts (1968), 16 Ohio St.2d 111, 243 N.E.2d 91. See, also, 2 Katz 
Gianelli, Ohio Criminal Law (1996) 82-83, Sec. 40.5; State v. Young
(1988), 37 Ohio St.3d 249, 525 N.E.2d 249; State v. McGee (1997),79 Ohio St.3d 193, 680 N.E.2d 975; State v. Shugars 165 Ohio App.3d 379,846 N.E.2d 592, 2006-Ohio-718. Because we are an intermediate appellate court, we must follow Ohio Supreme Court decisions. Consequently, unless and until the Ohio Supreme Court decides to revisit this issue, we are obligated to follow and to apply its holdings. Thus, I reluctantly agree with the principal opinion's conclusion.