[Cite as *State v. Butler* , 2011-Ohio-1652.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 : Case No.  10CA36
                                        :
    vs.                                 : **Released: March 30, 2011**
                                        :
THOMAS B. BUTLER,                       : <u>DECISION AND JUDGMENT</u>
                                        : <u>ENTRY</u>
    Defendant-Appellant.                :
_____

APPEARANCES:

Michael A. Davenport, Lambert Law Offices, Ironton, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and W. Mack Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Lawrence County Court of Common Pleas judgment of conviction and sentence issued after Appellant, Thomas Butler, entered a plea of no contest to one count of sexual battery, a third degree felony in violation of R.C. 2907.03(A)(5).  On appeal, Appellant contends the trial court erred in failing to dismiss all three counts of the indictment where his interactions with the alleged victim did not rise to the level of an in loco parentis relationship.  In light of our determination that the facts alleged in the indictment were legally sufficient to allege an in loco

parentis theory, Appellant's sole assignment of error is overruled.

Accordingly, the trial court's denial of Appellant's pre-trial motion to

dismiss was not in error and the decision of the trial court is affirmed.

## FACTS

{¶2} On February 2, 2010, Appellant was indicted on three counts of

sexual battery, all third degree felonies in violation of R.C. 2907.03(A)(5).

Each of the counts alleged as follows:

"THOMAS B. BUTLER, on or about June 29, 2009, at Lawrence County,
Ohio, did engage in sexual conduct with [M.W.], not the spouse of the said
Thomas B. Butler, and the said Thomas B. Butler being a person in loco
parentis to [M.W.] by virtue of the fact that the said [M.W.] was a minor
staying in the home of said Defendant who had been given authority over the
said minor by her grandmother custodian, the said Defendant providing
support, care and supervision of said minor, in violation of Section 2907.03
of the Revised Code."

{¶3} Appellant pled not guilty to the charges and on February 10,

2010, he filed a pre-trial motion to dismiss all three counts of the indictment.

In his motion, Appellant alleged that there had been a prior indictment

stemming from the same fact pattern. Appellant alleged that the current

indictment was an attempt to cure an insufficient allegation of an in loco

parentis relationship contained in the first indictment. However, Appellant

argued that the language in the current indictment, presently at issue herein,

was also insufficient. In support of his motion to dismiss, Appellant argued

that he had not assumed a dominant parental role over the victim and the

victim had not relied upon him for support. He further argued that the

victim was simply a guest in his home.

{¶4} The trial court denied Appellant's motion to dismiss on March

12, 2010. In reaching its decision, the trial court cited the fact that the minor

had come from out of town for a visit and was left in Appellant's home,

where two events of sexual conduct occurred. The trial court further stated

as follows:

"The indictment alleges those facts, together with the statement, 'That the said [M.W.] was a minor, staying in the home of said Defendant, who had been given authority over the said minor by her grandmother custodian, the said Defendant providing support, care and supervision of the said minor'. [sic] * * * This court finds that the State's indictment makes a sufficient allegation of facts and elements against the Defendant, including the dominate [sic] parental role, from the allegation that authority over this minor child had been given to the Defendant by her grandmother custodian while she stayed at the Defendant's home; and further, that the issue of support is met by the allegation that the Defendant was providing support, care and supervision of the said minor while upon extended stay in the Defendant's home."

{¶5} Subsequently, Appellant entered a plea of no contest to count

one of the indictment and the other charges were dismissed.[1] As a result of

Appellant's plea, on September 20, 2010, the trial court issued a judgment

entry finding Appellant guilty of one count of sexual battery, and sentencing

---

[1] According to the trial court's judgment entry, Appellant pled no constest to count one of the indictment in Case No. 10CR38 in exchange for the dismissal of counts two and three in that case, as well as the dismissal of counts one, two and three in the previous case, Case No. 09CR180. Counts four, five and six in Case No. 09CR180 had already been dismissed at the time of Appellant's plea in Case No. 10CR38.

him to a five-year term of imprisonment.  Appellant now brings his timely

appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.     THE COURT BELOW ERRED IN DENYING APPELLANT'S
        MOTION TO DISMISS ALL THREE COUNTS OF THE
        INDICTMENT AS THE APPELLANT'S INTERACTIONS WITH
        THE ALLEGED VICTIM DID NOT RISE TO THE LEVEL OF AN
        IN LOCO PARENTIS RELATIONSHIP."

LEGAL ANALYSIS

{¶6} In his sole assignment of error, Appellant contends that the trial

court erred in denying his motion to dismiss all three counts of the

indictment, claiming that his interactions with the alleged victim did not rise

to the level of an in loco parentis relationship.  Specifically, Appellant

contends that he cannot be found to have been in loco parentis over the

alleged victim in light of the Supreme Court of Ohio's holding in *State v.*

*Noggle*, 67 Ohio St.3d 31, 1993-Ohio-189, 615 N.E.2d 1040.  The State

agrees that *Noggle* governs the issue presented in this appeal, but argues that

the indictment, on its face, complied with *Noggle*, as it adequately set forth

the requirements for an indictment alleging an in loco parentis status.  For

the following reasons, we agree with the State.

{¶7} Appellant was indicted for sexual battery in violation of R.C.

2907.03, which provides that:

"(A)   No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

* * *

(5)    The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian *or person in loco parentis* of the other person."  (Emphasis added).

" '[A] motion to dismiss charges in an indictment tests the [legal] sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant.' " *State v. Evans*, Scioto App. No. 08CA3268, 2010-Ohio-2554 at ¶ 18; quoting, *State v. Barcus* (1999), 133 Ohio App.3d 409, 414, 728 N.E.2d 420; quoting *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165; see, also, *State v. Certain*, 180 Ohio App.3d 457, 2009-Ohio-148, 905 N.E.2d 1259 at ¶ 4. As such, "when a defendant moves to dismiss, the proper determination is whether the allegations contained in the indictment constitute offenses under Ohio criminal law." Id. The sufficiency of an indictment is a question of law that we review de novo. *Evans* at ¶ 18; citing *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502, at ¶ 26.

{¶8} "The primary purpose of an indictment is to inform a defendant of the offense with which he is charged to enable his preparation for trial." *Evans* at ¶ 19; citing *Smith* at ¶ 23; citing *State v. Lindway* (1936), 131 Ohio St. 166, 182, 2 N.E.2d 490 (citation omitted). An indictment must contain a

statement that the defendant has committed a public offense that is specified in the indictment. Crim.R. 7(B). This rule further provides that:

"The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B).

{¶9} "While the rule permits an indictment to be in the words of the statute, the [Supreme Court of Ohio] has recognized that 'the courts might still require more to put the defendant on notice of the offense charged.' " *Evans* at ¶ 20; citing *Smith* at ¶ 24; quoting *State v. Ross* (1967), 12 Ohio St.2d 37, 39, 231 N.E.2d 299.  Further, as we noted in *Evans*:

 " 'The general rule that an indictment or information for a statutory offense is sufficient if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words, does not apply when the statutory words do not in themselves fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements and ingredients necessary to constitute the offense intended to be punished.' " *Evans* at ¶ 20; citing *Ross* at 39-40; quoting 4 Wharton's Criminal Law and Procedure 626; See, also, *Smith* at ¶ 24.

{¶10} In the case at bar, Appellant asserts that the indictment fails to comply with the special in loco parentis pleading requirements that the Supreme Court of Ohio set forth in *State v. Noggle*, supra.  In *Noggle*, the Court held: "Indictments based upon an alleged offender's status as a person in loco parentis should at least state the very basic facts upon which that

alleged status is based." Id. at paragraph two of the syllabus. In that case, the State charged the defendant, a high school teacher and coach, with sexual battery in violation of R.C. 2907.03(A)(5), based upon alleged sexual conduct with a student.

{¶11} Although the indictment returned against Noggle alleged that an in loco parentis relationship existed between Noggle and the student, it did not specify the nature or underlying basis of that relationship. An amended bill of particulars specified in pertinent part as follows: "the said Dale G. Noggle being such a person in loco parentis by virtue of his position as a teacher and school coach * * *." *Noggle* at 32.

{¶12} Based upon its holding that a teacher and coach is not, as a matter of law, a person in loco parentis for purposes of the sexual battery statute, the trial court granted Noggle's motion to dismiss the indictment. Both the appellate court and the Supreme Court of Ohio affirmed the dismissal. In affirming the dismissal, the *Noggle* court stated:

"The phrase 'person in loco parentis' in R.C. 2907.03(A)(5) applies to a person who has assumed the dominant parental role and is relied upon by the child for support. This statutory provision was not designed for teachers, coaches, scout leaders, or any other persons who might temporarily have some disciplinary control over a child. Simply put, the statute applies to the people the child goes home to."[2] *Noggle* at 33.

---

[2] We note that R.C. 2907.03 has been amended since the *Noggle* decision to extend its application to teacher and student scenarios, as well as scout leaders.

**{¶13}** Although the Court determined that the indictment was insufficient as a matter of law based upon the defendant's status as teacher and coach, the Court nonetheless determined that the bill of particulars set forth the basic facts upon which the in loco parentis theory rested. In reaching this determination, the Court explained:

"Finally, ordinarily, an indictment against a defendant is sufficient if it states the charge against the defendant in the words of the statute. Crim.R. 7(B). However, in regard to this particular statute, the words used are not sufficient. The phrase 'person in loco parentis' is a general phrase demanding specificity. Indictments based upon the alleged offender's status as a person in loco parentis should at least state the very basic facts upon which that status is based.

In this case the amended bill of particulars served the purpose of stating the basic facts supporting the allegation that Noggle was a person in loco parentis. The fact that Noggle was a teacher and coach was insufficient to support an indictment based upon R.C. 2907 .03(A)(5)." Id. at 34.

**{¶14}** In the case at bar, as set forth above, the indictment alleged that Appellant was a person in loco parentis to the minor victim by virtue of the fact that the minor was staying in his home, that Appellant had been given authority over the minor victim by her grandmother custodian, and that Appellant was providing support, care and supervision of the minor victim. We conclude that the allegation of these facts fulfills the *Noggle* requirement to set forth the "very basic facts" upon which the State's in loco parentis theory rested.

{¶15} Appellant alleges facts in his brief related to his relationship with the victim, which go beyond the facts that were before the court at the time that it ruled on Appellant's motion to dismiss.  Thus, the arguments advanced by Appellant are more properly suited to a challenge to the sufficiency of the evidence, rather than to the sufficiency of the allegations of the indictment.   However, the question before the trial court, and before us on appeal, is whether the basic facts, as alleged in the indictment, are legally sufficient, as a matter of law, to support an in loco parentis theory.

{¶16} In this case the basic facts that support the State's in loco parentis theory are that the minor victim was staying in Appellant's home, that he had been given authority over the minor victim by her grandmother custodian, and he was providing support, care and supervision.  These basic facts support an inference that Appellant assumed a dominant role over the child and that the child relied upon the defendant for support, sufficient to overcome a motion to dismiss the in loco parentis counts of the indictment, and in accordance with *State v. Noggle*, supra. Thus, we believe that the trial court correctly denied Appellant's motion to dismiss the in loco parentis counts of the indictment.

{¶17} Further, we do not find Appellant's reliance upon *State v. Burgett*, Marion App. No. 9-09-14, 2009-Ohio-5278, to be persuasive. In

that case, the court considered whether the evidence presented at trial was sufficient to establish an in loco parentis relationship, not whether the indictment sufficiently alleged the very basic facts upon which the relationship existed.  "The sufficiency of an indictment and the sufficiency of evidence presented at trial to sustain an in loco parentis conviction are two different questions and must be evaluated under two different legal standards."  *Evans* at ¶ 26.  In the case at bar, if the State's allegations in the indictment are true, then those facts are sufficient to support the indictment's allegation of an in loco parentis theory. Thus, unlike *Noggle*, the allegations are legally sufficient to allege an in loco parentis theory.

{¶18} Based upon the foregoing reasons, we overrule Appellant's sole assignment of error.  Accordingly, we affirm the decision of the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**