[Cite as *State v. Stone*, 2011-Ohio-3617.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24294 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-CR-707 |
| v. | : | |
| | : | |
| PAUL D. STONE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

CHARLES L. GROVE, Atty. Reg. #0029144, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

RICE, J., sitting by assignment.

{¶ 1} Appellant, the state of Ohio, appeals from the judgment of the Montgomery County Court of Common Pleas dismissing an indictment charging appellee, Paul D. Stone, with having weapons under disability in violation of R.C. 2923.13(A)(3). For the reasons discussed below, we reverse the judgment of the trial court and remand the matter for further

proceedings.

{¶ 2}  On April 16, 2010, appellee was indicted on one count of having weapons under disability, a felony of the third degree.  The indictment alleged, in relevant part, that appellee "* * * did knowingly acquire, have, carry or use any firearm or dangerous ordnance, while the defendant was * * * previously convicted of any offense involving the illegal possession * * * in any drug of abuse."  The indictment further specified that appellee had been convicted of "possession of marijuana" on April 4, 2006, in Kettering Municipal Court. The 2006 conviction, a minor misdemeanor, was the underlying "disability" upon which the felony-three charge was based.

{¶ 3}  Appellee moved to dismiss the indictment alleging minor misdemeanor marijuana possession does not constitute a disability as a matter of law.  Appellee argued there were certain fundamental problems inherent in permitting a conviction under R.C. 2925.11(D), the statutory subsection which purportedly "decriminalizes" minor misdemeanor marijuana possession, as a basis for a felony-three charge pursuant to R.C. 2923.13(A)(3).  In particular, he argued that because the legislature clearly intended to lessen the legal impact of the offense, the offense cannot be used as a predicate for a felony-three, weapons under disability charge.  Appellee urged the court to apply the rule of lenity to the crime with which he was charged and find he was not under a legal disability due to his previous minor misdemeanor conviction.

{¶ 4}  The state duly opposed the motion, relying upon the First Appellate District's holding in *State v. Robinson*, 187 Ohio App.3d 253, 2010-Ohio-543.  In *Robinson*, at 259, the court held:  "[U]nder the clear, unambiguous language of the disability statute, a conviction

for a minor-misdemeanor violation of R[.]C. 2925.11 creates a disability preventing the possession of a firearm." Given the construction of the issue advanced in *Robinson*, the state urged the trial court to overrule appellee's motion and permit the case to proceed.

{¶ 5} On September 14, 2010, after considering the parties' relative arguments, the trial court granted appellee's motion to dismiss. The court acknowledged the First Appellate District's holding in *Robinson*, but respectfully disagreed with the conclusion. The lower court reasoned:

{¶ 6} "O.R.C. Sec. 2925.11 clearly lessens the ongoing impact of a conviction for a minor misdemeanor possession of marihuana on a going forward basis. This section is at odds with O.R.C. Sec. 2923.13(A)(3) for purposes of determining what constitutes a disability. The Court agrees with Defendant that under O.R.C. 2901.04(A), the ambiguity between the two statutory sections should be resolved in his favor."

{¶ 7} The matter was accordingly dismissed and, pursuant to R.C. 2945.67(A), the state filed its notice of appeal. For its sole assignment of error, the state contends:

{¶ 8} "A pending indictment or prior conviction for minor misdemeanor possession of marijuana constitutes a disability under R.C. 2923.13(A)(3). Since Stone's prior conviction for possession of marijuana prohibited him from acquiring, having, carrying or using a firearm, he was properly charged with having a weapon while under disability, and the trial court committed error when it dismissed the indictment against him."

{¶ 9} In granting appellee's motion to dismiss, the trial court essentially determined the indictment was legally insufficient to support the charge for having weapons under disability. The sufficiency of an indictment is a question of law that an appellate court

reviews de novo. See *State v. Butler*, 4th Dist. No. 10CA36, 2011-Ohio-1652, at ¶7.

{¶ 10} Before discussing the parties' substantive arguments, we shall first set forth the relevant statutory subsections at issue in this appeal. R.C. 2923.13(A)(3), the statute prohibiting having weapons under disability, provides:

{¶ 11} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

{¶ 12} "* * *

{¶ 13} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

{¶ 14} R.C. 2925.01(G)(1) provides:

{¶ 15} "'Drug abuse offense' means any of the following:

{¶ 16} "(1) A violation of division (A) of section 2913.02 that constitutes theft of drugs, or a violation of section 2925.02, 2925.03, 2925.04, 2925.041, 2925.05, 2925.06, 2925.11, 2925.12, 2925.13, 2925.22, 2925.23, 2925.24, 2925.31, 2925.32, 2925.35, or 2925.37 of the revised code[.]"

{¶ 17} With these relevant provisions in mind, the state contends the trial court erred in dismissing the indictment because a minor misdemeanor marijuana possession conviction is, as a matter of law, a disability. The state contends the statutory sections at issue are not

ambiguous and thus there is no reason to apply the rule of lenity to appellee's case. In further support of its position, the state cites the First District's opinion in *Robinson*, supra; the Eighth Appellate District's opinion in *State v. Thomas* (June 9, 1977), 8th Dist. No. 36574, 1977 WL 201608; and this district's recent opinion in *State v. Gex*, Montgomery App. No. 23867, 2011-Ohio-631, each of which held a minor misdemeanor possession conviction constitutes a disability, which falls within the scope of R.C. 2923.13(A)(3).

{¶ 18} In response, appellee points out that R.C. 2923.13(A)(3) only prohibits possession of a firearm if one has been convicted of an offense involving an illegal drug of abuse. Because, however, the crime of minor misdemeanor marijuana possession does not create a criminal record, appellee maintains it is not a "formal" conviction and, as a result, is not a disability for purposes of R.C. 2923.13(A)(3). With these points in mind, appellee contends there is a fundamental inconsistency between R.C. 2923.13(A)(3) and R.C. 2925.11(D). On one hand, appellee acknowledges that one cannot possess a firearm with a disability under R.C. 2923.13. On the other, the spirit and legal impact of R.C. 2925.11 indicate the legislature did not intend minor misdemeanor possession to create any such disability. Applying the rule of lenity, appellee maintains the court properly construed the criminal statute in his favor and therefore did not err in dismissing the indictment.

{¶ 19} Appellee also urges this court to affirm the trial court's dismissal based upon the Second Amendment to the United States Constitution, which, pursuant to *District of Columbia v. Heller* (2008), 554 U.S. 570, protects an individual's right to possess a firearm. In advancing this argument, appellee acknowledges that this right is not unconditional and points out that *Heller* identified various forms of reasonable restrictions a state may place

upon a citizen's ability to have a firearm. Appellee submits, however, the limited list of such restrictions does not include, nor is there obvious historical precedent for, legislation that has the effect of completely abrogating a citizen's right to bear arms as it pertains to a misdemeanant with no criminal record.

{¶ 20} Although appellee sets forth strong policy considerations, which might militate in favor of a legislative shift in this area of criminal law, a careful review of the statutory provisions at play in this case demonstrates that the trial court erred in dismissing the underlying indictment. Our analysis and resolution of the issue is controlled by this court's recent holding in *Gex*, supra.

{¶ 21} In *Gex*, this court determined that a defendant's conviction for having a weapon while under disability was supported by sufficient evidence *even though* the disability was occasioned by minor misdemeanor marijuana possession. Id. at ¶23. In arriving at this conclusion, this court determined the state's presentation of evidence relating to the previous minor misdemeanor conviction was adequate proof of a pre-existing disability such that the charge of having weapons under disability could reach the jury. Citing *Robinson*, supra, this court acknowledged that minor misdemeanor possession does not create a criminal record for purposes of background checks for employment or licensing. Nevertheless, "[t]he purposes of R.C 2923.13(A)(3) is to keep weapons out of the hands of persons involved with drugs." *Gex*, supra, at ¶22, citing *State v. Moaning*, 76 Ohio St.3d 126, 129, 1996-Ohio-413. Although the sufficiency of the evidence on an R.C. 2923.13(A)(3) charge was at issue in *Gex*, the analysis compels the conclusion that a charge for having weapons under a disability may be premised upon minor misdemeanor possession.

**{¶ 22}** Applying *Gex* to the case at bar, it is undisputed that appellee was previously convicted of minor misdemeanor marijuana possession in violation of R.C. 2925.11, a drug abuse offense. Appellee's previous conviction, therefore, constitutes a disability prohibiting him from acquiring, having, carrying, or using a firearm or dangerous ordnance. Because there is nothing in the record indicating appellee was relieved from the disability via the mechanism set forth under R.C. 2923.14, he could be charged, as a matter of law, with having a weapon under a disability. We therefore hold the state's position is well-taken and sustain its assignment of error.

**{¶ 23}** As a postscript, we again emphasize that appellee's arguments would be better directed at the General Assembly than the judiciary. Although he claims otherwise, accepting appellee's position would essentially eliminate the plain language of R.C. 2925.01(G)(1) as it relates to the disability statute—an outcome we must obviously avoid in construing statutes. See, e.g., *State v. Chandler*, 109 Ohio St.3d 223, 225, 2006-Ohio-2285. Read plainly, even though R.C. 2925.11(D) does not create a criminal record, minor misdemeanor possession is still a conviction which is premised upon a statutorily-designated drug abuse offense; to wit, marijuana possession. *Gex*, supra, at ¶19-23; see, also, *State v. Ward*, 9th Dist. No. 09CA009720, 2011-Ohio-518, at ¶18. Both appellee and the trial court are correct that the legislature has demonstrated an intent to lessen the impact of such convictions. Still, until the General Assembly specifically excludes an R.C. 2925.11 minor misdemeanor marijuana possession conviction from the purview of R.C. 2923.13(A)(3) or R.C. 2925.01(G)(1), it will remain a "drug abuse offense" and consequently a "disability" for purposes of R.C. 2923.13(A)(3).

{¶ 24} Appellant's sole assignment of error is well-taken and, as a result, appellee's indictment is reinstated. It is therefore the order of this court that the judgment of the Montgomery County Court of Common Pleas is hereby reversed and the matter remanded for further proceedings.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

 (Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Charles L. Grove
Hon. Barbara P. Gorman